[Nos. B131353, B138921. Second Dist., Div. Three. Apr. 4 2002.]

CAESAR WACKEEN et al., Plaintiffs and Appellants, v. WILLIAM MALIS et al., Defendants and Respondents.

## COUNSEL

Cadden, Fuller, Burkhalter & Michaels, Thomas H. Cadden, H. Daniel Fuller, Marlene L. Thierbach, Ignacio J. Lazo and Cecilia A. Perkins for Plaintiffs and Appellants.

Pistone & Wolder, Thomas A. Pistone, Solange E. Ritchie; Laski & Gordon and Terry A. Ickowicz for Defendants and Respondents.

## OPINION

**CROSKEY, J.**—In these three consolidated appeals, we review orders on motions brought to enforce indemnification and attorney's fees provisions contained in a written settlement agreement that was entered into by the appellants and respondents. The motions were brought under Code of Civil Procedure section 664.6.[1]

Defendants Tara Alane Moran, The Moran Family Trust, REM Ltd., The International Horse Foundation (formerly known as The Foundation for Thoroughbred Sciences, Inc.),[2] and Creekside Development, Inc. (collectively Moran) brought the section 664.6 motions, in which they contended that plaintiffs Caesar Wackeen, Torrance Management Company, Inc., and Ronald Moran Cadillac, Inc., together with certain others (Barbara Wackeen and Norman Adams) (collectively Wackeen), failed to perform their obligations under the settlement agreement, and such failures caused Moran to

---

[1]Code of Civil Procedure section 664.6 (section 664) states: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. *If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.*" (Italics added.) The second sentence of section 664.6 was added by the Legislature in 1993.

The purpose of section 664.6 "is to permit a court, via a summary proceeding, to finally dispose of an action when the existence of the agreement or the terms of the settlement are subject to reasonable dispute, something not permissible before the statute's enactment. [Citation.]" (*Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 206 [265 Cal.Rptr. 620].) Prior to its enactment, a party who sought to enforce a settlement agreement would file a separate suit or seek permission to file a supplemental pleading in the original suit. (*Id.* at p. 208.) Since the enactment of section 664.6, a motion for summary judgment is no longer required, and thus, the party moving for a judgment on a settlement agreement need not be concerned that triable issues of material fact can prohibit the granting of such a motion. Rather, the trial court, in deciding a section 664.6 motion, can determine disputed facts, either solely on declarations or with oral testimony. (*Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1189 [213 Cal.Rptr. 790].)

[2]Throughout this opinion, the names International Horse Foundation and Foundation for Thoroughbred Sciences, Inc. will be used interchangeably.

incur attorney's fees and other costs totaling more than $100,000 to defend four postsettlement lawsuits that involved matters addressed in the settlement agreement.[3]

Whatever the substantive merits of Moran's claims to recover such costs from Wackeen under the terms of the settlement agreement, the record does not reflect a jurisdictional basis for Moran's reliance on section 664.6. The trial court had no subject matter jurisdiction over this case when it decided Moran's section 664.6 motions. While it is true that section 664.6 permits a court to retain jurisdiction for the purpose of facilitating enforcement of the terms of a settlement agreement entered into by the parties in an action, in this case there was no request made for such continuing jurisdiction.

The disposition of this appeal turns on this provision for retention of jurisdiction, which the Legislature added to section 664.6 in 1993. We hold that the effect of that amendment is to provide courts with continuing jurisdiction over parties and their litigation, for the purpose of enforcing their settlement agreement, despite a suit's having been dismissed after the execution of the agreement. We further hold that in order for a court to assert such continuing jurisdiction, the parties' request for retention of jurisdiction must satisfy the same formalities that courts and the Legislature have imposed generally on section 664.6 motions and the settlement agreements such motions seek to enforce. Like section 664.6 motions themselves, requests for retention of jurisdiction must be made prior to a dismissal of the suit. Moreover, like the settlement agreement itself, the request must be made orally before the court or in a signed writing, and it must be made by the parties, not by their attorneys, spouses or other such agents. If, after a suit has been dismissed, a party brings a section 664.6 motion for a judgment on a settlement agreement but cannot present to the court a request for retention of jurisdiction that meets all of these requirements, then enforcement of the agreement must be left to a separate lawsuit.

Here, these formal requirements for retention of jurisdiction to consider a section 664.6 motion were not met by the parties. Therefore, Moran is precluded from using this case to seek enforcement of its rights under the settlement agreement, and all of the trial court's orders must be reversed. If Moran is to gain such enforcement relief, it must be by means of a timely filed separate action. The dismissal of this suit by Wackeen did not adversely affect the settlement agreement itself or Moran's right to have it enforced. (*Viejo Bancorp, Inc. v. Wood, supra,* 217 Cal.App.3d at p. 208.)

---

[3]Those four suits were found, by the trial court in the instant case, to have been resolved in Moran's favor.

## BACKGROUND OF THE CASE

### 1. *The Good Faith Settlement and Dismissals*

Wackeen filed this action in April 1995. Various cross-complaints were also filed. Thereafter, certain of the parties entered into an agreement to settle their claims (the settlement agreement). In September 1996, the trial court approved a Code of Civil Procedure section 877.6 good faith settlement motion brought by Moran and others. Under the terms of the settlement agreement, Moran would convey certain real property to Torrance Management Company, Inc., in consideration for a promissory note in the amount of $3 million in favor of the International Horse Foundation and REM, Ltd., and a promissory note in the amount of $200,000 in favor of Creekside Development, Inc. The notes were secured with deeds of trust on the property.

The settlement agreement contained a broadly worded attorney's fees provision: "In the event any party is required to employ attorneys to enforce the provisions of this Agreement, or any part of any judgment entered hereon, or to prosecute or defend any action arising out of or related to this Agreement, the Court and/or Arbitration Panel shall award the prevailing party reasonable attorneys' fees."

The settlement agreement also contained an indemnification provision, which the trial court construed to obligate Wackeen, Torrance Management Company, Inc., and the aforementioned Norman Adams (who signed the settlement agreement on behalf of Torrance Management Company, Inc.) "to indemnify [Moran and other] defendants for claims brought against them as a result of actions undertaken by [such indemnitors]."

Throughout 1996, both before and after the settlement agreement was signed, requests for dismissal of various defendants and cross-defendants were filed. Wackeen asserts, and Moran does not dispute, that the effect of all of these requests was a dismissal of all defendants and cross-defendants, and thus of the lawsuit itself. This dismissal of the suit occurred prior to the filing of Moran's section 664.6 motions, and as we explain below, such timing presents important jurisdictional issues.

### 2. *Moran's Initial Motion for a Judgment to Enforce the Attorney's Fees Clause*

In July 1998, Moran filed a section 664.6 motion in the instant suit, seeking a judgment enforcing the attorney's fees and indemnification clauses

of the settlement agreement. According to Moran's motion, Wackeen failed to live up to several of its obligations under that agreement. This included (1) failing to deliver a recorded first position deed of trust to Moran and then having an attorney file a baseless interpleader action in state court, which was settled on the eve of trial by written stipulation;[4] (2) failing to make payments to Moran on the $3 million promissory note; (3) failing to make payments on the promissory note for $200,000; (4) initiating an interpleader action in federal court respecting funds that Wackeen failed to pay to REM, Ltd., the International Horse Foundation or the Internal Revenue Service;[5] and (5) initiating a bankruptcy case that the trial court in the instant action found was filed to prevent Moran from foreclosing on property after Wackeen failed to make payments on a promissory note as required by the settlement agreement.[6]

In its section 664.6 motion, Moran alleged that these three postsettlement agreement suits (the state interpleader suit, the federal interpleader suit, and the bankruptcy suit, collectively, the three new suits) were filed to harass Moran and delay Moran's ability to enforce its legal rights, and caused Moran to expend nearly $95,000 in attorney's fees and costs to deal with them. Moran asserted that, under the attorney's fees and indemnification provisions in the settlement agreement, it was entitled to recover such expenses from Wackeen.

On March 2, 1999 the court granted Moran's motion in part. While it rejected Moran's claim for relief under the indemnification clause, it found that the state court interpleader suit was litigated to enforce provisions of the settlement agreement, the two federal suits were disputes arising out of the settlement agreement, Moran was the prevailing party in those three new suits, and therefore Moran was entitled to attorney's fees, from Wackeen, under the attorney's fees provision of the settlement agreement. However,

---

[4]The plaintiff in this state interpleader suit was the law firm McIntyre, Borges & Burns, LLP. The defendants were Torrance Management Company, Inc., REM Ltd., and The Foundation for Thoroughbred Sciences, Inc. The case settled when Torrance Management Company, Inc., waived a claim to the interpleaded trust deed and stipulated that the other two defendants in that case were entitled to sole possession of the deed.

[5]The plaintiff in the federal interpleader case was Torrance Management Company, Inc. The defendants were Moran, William Malis, the United States of America, and others. The case ended for Moran and Malis when the court granted their motion to dismiss.

[6]The debtor in the bankruptcy case was Torrance Land Corporation. The trial court in the instant case described the debtor as a "shell corporation established by [Torrance Management Company, Inc.] solely for the purpose of filing the bankruptcy action." The case ended when the International Horse Foundation moved to dismiss it. The motion was granted, along with the companion motion for relief from the automatic bankruptcy stay. Pursuant to a motion by the International Horse Foundation and Creekside Development, Inc., sanctions were imposed against the debtor and certain attorneys.

the court ruled that the evidentiary presentation made by Moran was insufficient to permit a determination of the reasonableness of the attorney's fees claimed, and Moran was directed to submit a detailed itemization of fees within 30 days.

The March 2, 1999 order was appealed by Wackeen. Wackeen challenges the finding that Moran is entitled to relief under the attorney's fees clause of the settlement agreement. Moran filed a cross-appeal from the order, challenging the finding that it is not entitled to relief under the indemnification clause.

As directed by the trial court, Moran filed a supplemental evidentiary presentation to support its claim to attorney's fees. However, in the trial court's estimation, the presentation was still not sufficiently detailed, and on April 6, 1999, the court denied Moran's section 664.6 motion. Moran filed an appeal from this order as well.

### 3. *Moran's Second Motion for Attorney's Fees*

Moran became involved in a *fourth* suit after the instant case settled. The plaintiffs in that suit were Torrance Management Company, Inc., and Ronald Moran Cadillac, Inc. Named as defendants were Moran (with the exception of Tara Alane Moran) and William Malis, as trustee of the Moran Family Trust. The complaint alleged several causes of action. It was based on the settlement agreement, and the plaintiffs sought, among other forms of relief, a temporary restraining order prohibiting Moran from foreclosing on property that was a subject of the agreement. The application for the restraining order was denied on July 24, 1998, the complaint was never served on Moran, and the suit was dismissed without prejudice by both plaintiffs.

Based on this fourth postsettlement suit, Moran filed another section 664.6 motion for a judgment to enforce, against Wackeen, the attorney's fees and indemnification clauses in the settlement agreement. A hearing on this motion was held on September 10, 1999. Because it determined Moran was entitled to recover attorney's fees from Wackeen under the attorney's fees provision, the court declined to address Moran's indemnification claim. The court rejected Wackeen's contention that Moran was not the prevailing party in the fourth suit. The court said that Moran prevailed in its opposition to the issuance of a temporary restraining order, and that Moran was the prevailing party under section 1032 of the Code of Civil Procedure because a voluntary dismissal was entered in Moran's favor. The court determined the attorney's fees for opposing the restraining order were reasonably incurred by Moran, and it found that although Moran was never served with the complaint in the

fourth suit, it was not unreasonable for Moran's counsel to "engage in some prophylactic preparation of [Moran's] defense [to the suit]," "in light of the highly litigious history of the disputes between the parties." Thus, the court allowed attorney's fees for preparation of a demurrer, motion to strike and cross-complaint because such papers would need to be served and filed within 30 days of Moran's being served with the complaint. Fees in the total amount of $13,500 were awarded in the court's December 3, 1999 order, plus costs of $92.28. Thereafter, Wackeen filed an appeal from that order.[7]

## ISSUES IN THIS APPEAL

The parties in these appeals have raised questions about the breadth of the attorney's fees provision in the settlement agreement, the applicability of the indemnification provision, and the jurisdiction of the trial court to hear and decide Moran's section 664.6 motions for a judgment to enforce those provisions. As we noted at the beginning of this opinion, the latter issue is dispositive of the appeals, and requires us to reverse the trial court's orders because we find the court lacked subject matter jurisdiction to hear Moran's motions.

## DISCUSSION

1. *Standard of Review*

Interpretation of section 664.6, and its application to this case, are issues of law. Issues of law are subject to a reviewing court's independent analysis. (*Mamika v. Barca* (1998) 68 Cal.App.4th 487, 491 [80 Cal.Rptr.2d 175]; *Williams v. Saunders* (1997) 55 Cal.App.4th 1158, 1162 [64 Cal.Rptr.2d 571].)

2. *The Effect of Dismissing a Suit After a Settlement*

When a court has jurisdiction over the parties and subject matter of a suit, its jurisdiction continues until a final judgment is entered. (*Riley v. Superior Court* (1957) 49 Cal.2d 305, 309 [316 P.2d 956].) When there is a voluntary dismissal of an entire action, the court's jurisdiction over the parties and the subject matter terminates. (*Casa de Valley View Owner's Assn. v. Stevenson, supra,* 167 Cal.App.3d at p. 1192.) In contrast, a dismissal by only some of the plaintiffs means the court is not divested of subject matter jurisdiction and the suit continues. (*Ibid.*)

---

[7]According to Moran's appellate brief, Wackeen has filed yet a fifth lawsuit against Moran.

In *Viejo Bancorp, Inc. v. Wood, supra,* 217 Cal.App.3d 200 (*Viejo Bancorp*), the court was presented with a situation in which the parties had entered into a settlement agreement to resolve four separate actions (the old action), and following execution of the settlement agreement, the old action was dismissed by the plaintiffs in its entirety. Later, one of the parties to the settlement agreement, a bank, filed a new action (the new suit) for breach of contract and damages, and alleged that another of the settling parties, Wood, had breached the agreement. The bank then made a section 664.6 motion in this new suit to have the settlement agreement enforced. The trial court granted bank various forms of relief, pursuant to the motion, and Wood appealed.

The reviewing court held that according to the terms of section 664.6, which addresses settlement agreements made in "pending litigation," a motion made under that section for a judgment to enforce the terms of a settlement agreement cannot be made in a suit other than the suit in which the settlement agreement was made. (*Viejo Bancorp., supra,* 217 Cal.App.3d. at pp. 206-208.) The court stated that "[b]y its very terms, section 664.6 is limited to settlements reached in *pending* litigation." (At p. 206.) Noting that the old action had been dismissed in its entirety and therefore was no longer "pending," the court stated section 664.6 relief was unavailable to the bank at that point in time. (*Viejo Bancorp.,* at p. 206.) "Even though the trial court was persuaded Wood had breached the agreement, the court's resolution of this factual issue did not permit it to enter judgment in the old action. In short, in the absence of a motion under Code of Civil Procedure section 473 to vacate the dismissal, the court was without subject matter jurisdiction of the old action. [Citations.]" (*Ibid.*) The court distinguished the case from cases in which only a partial dismissal is filed. In such cases, the trial court "[is] never ousted of subject matter jurisdiction, and thus it ha[s] the power to perform further acts in the old action." (*Id.* at p. 207.) The court also noted that "[s]ince subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel, the court cannot 'retain' jurisdiction it has lost. [Citations.]" (*Ibid.*) The court recognized that while the dismissal of a case is sometimes required by a settlement agreement, "the simple answer is that no one forced Bank to agree to a settlement which provided for dismissal of the old action. . . . No matter how toothless the agreement may seem in retrospect, it is not the province of the trial court to rewrite it and put in the teeth the complaining side now thinks it should have had. [Citation.]" (*Ibid.*)

The instant case is controlled by *Viejo Bancorp,* not by *Casa de Valley View Owner's Assn. v. Stevenson, supra,* 167 Cal.App.3d 1182, where only some of the plaintiffs had dismissed their suit. Wackeen has presented copies of several requests forthe dismissals of various parties. Though

accomplished in this piecemeal fashion, there had been a dismissal of this entire action. Therefore, unless the parties presented the trial court with a proper request to retain jurisdiction for purposes of section 664.6 motions, the trial court did not have subject matter jurisdiction over this case when it decided Moran's motions.

The requirements for a proper request for retention of section 664.6 jurisdiction are addressed in the next section of this opinion. We note that personal jurisdiction is not an issue in this appeal since Moran submitted to jurisdiction of its person by bringing the section 664.6 motions, and Wackeen waived a lack of personal jurisdiction by addressing the motions on their substantive merits. (*Casa de Valley View Owner's Assn. v. Stevenson, supra,* 167 Cal.App.3d at p. 1192.)

3. *Section 664.6's Effect on Dismissals*

As noted in footnote 1, *ante,* the Legislature amended section 664.6 in 1993 and, among other things, added the second sentence, which states that "[i]f requested by the parties [to a stipulated settlement], the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." Like Witkin (6 Witkin, Cal. Procedure (4th ed 1997) Proceedings Without Trial, § 99, pp. 506-507), we view this addition to section 664.6 as the Legislature's solution to the problem presented in *Viejo Bancorp,* where the trial court lost jurisdiction of a case, and hence the ability to enforce a settlement agreement, because the terms of the stipulated settlement required or contemplated that the case would be dismissed. Settlement agreements often, if not generally, require dismissals to be filed so that the litigation comes to an end. We construe the second sentence of section 664.6 to mean, and we so hold, that even though a settlement may call for a case to be dismissed, or the plaintiff may dismiss the suit of its own accord, the court may nevertheless retain jurisdiction to enforce the terms of the settlement, until such time as all of its terms have been performed by the parties, *if the parties have requested this specific retention of jurisdiction.* While the statute uses the phrase "may retain jurisdiction over the parties," (*ibid.*) we hold this provision to include retention of jurisdiction over both the parties and the case itself, that is, both personal and subject matter jurisdiction. It was the lack of subject matter jurisdiction that prevented the court in *Viejo Bancorp* from enforcing the settlement agreement. If section 664.6 were read to allow a retention of only personal jurisdiction over the parties to a settlement, the 1993 amendment would amount to a very hollow advancement of the summary enforcement procedure created by section 664.6.

We further hold that the second sentence of section 664.6 must be read to have equal dignity with the first sentence. That is, the request for retention of jurisdiction must conform to the same three requirements which the Legislature and the courts have deemed necessary for section 664.6 enforcement of the settlement itself: the request must be made (1) during the pendency of the case, not after the case has been dismissed in its entirety, (2) by the parties themselves, and (3) either in a writing signed by the parties or orally before the court.

We have already discussed the first of these three requirements. *Viejo Bancorp, supra,* 217 Cal.App.3d 200, held that a section 664.6 motion for enforcement of a stipulated settlement must be brought while the litigation that produced such settlement *is still pending.* It necessarily follows that any request for the court to retain jurisdiction to hear and decide such motion *after* a dismissal must likewise be made during the pendency of that litigation. As noted above, "the court cannot 'retain' jurisdiction it has lost [Citations.]" (*Viejo Bancorp, supra,* 217 Cal.App.3d at p. 207.)

Regarding the second and third "equal dignity" requirements for a valid section 664.6 request for retention of jurisdiction, courts have held that stipulated settlements must be signed by the parties themselves, or agreed to by the parties themselves in open court, and it is not sufficient for their attorneys or spouses to sign the writing (*Levy v. Superior Court* (1995) 10 Cal.4th 578, 580, 585-586 [41 Cal.Rptr.2d 878, 896 P.2d 171] [attorney]; *Williams v. Saunders, supra,* 55 Cal.App.4th at pp. 1162-1163 [spouse]) or voice the agreement in open court (*Johnson v. Department of Corrections* (1995) 38 Cal.App.4th 1700, 1703, 1706-1708 [45 Cal.Rptr.2d 740]).[8] Like the stipulated settlement itself, a request that jurisdiction be retained until the settlement has been fully performed must be made either in a writing signed by the parties themselves, or orally before the court by the parties themselves, not by their attorneys of record, their spouses, or other such agents.

While a written or oral request for retention of jurisdiction may, but need not be, a part of the settlement agreement itself, that request must be express, not implied from other language, and it must be clear and unambiguous. A court should not have to resolve doubts or disputes as to whether an intention to retain jurisdiction is found in the provisions of a writing or an oral statement. These requirements for section 664.6 retention of jurisdiction preclude an assertion, such as that made by Moran in this case, that a court should examine other actions of the parties to determine whether the parties constructively "requested" that there be retention of jurisdiction to enforce the terms of the settlement.

---

[8]An exception to the "the parties themselves" requirement exists for certain construction defect cases. (Code Civ. Proc., § 664.7.)

■ Requiring these formalities not only promotes judicial economy and the integrity of the summary enforcement process provided by section 664.6, but also protects the litigants. No litigant should be placed in the position of relying on representations, from an adversary or an attorney, that certain actions taken (or not taken), or certain language in a settlement agreement, will suffice for retention of personal and subject matter jurisdiction after a suit is dismissed, only to later discover, after the settlement agreement is signed and the dismissal has been accomplished, that someone has raised an issue regarding whether jurisdiction was actually retained. It also protects the reasonable expectation of settling parties that the dismissal of an action will put an end to the litigation. While, as noted above, the court's lack of continuing jurisdiction to utilize section 664.6 does not preclude a party's enforcement of a settlement agreement by means of a separate action, matters such as statutes of limitation and the ability to bring an absent litigant back into court make enforcement of a settlement agreement under section 664.6 preferable to a separate suit.

### 4. *Application of Section 664.6 to This Case*

■ While the amendment of section 664.6 to add a provision for retention of enforcement jurisdiction is a welcome facilitation of the preference for concluding suits by settlement rather than trial, in the instant case it is of no help because here, the parties did not make in their settlement agreement, in a separate writing, nor orally to the court, a clear request for continued jurisdiction for purposes of enforcing the settlement agreement. Therefore, no matter how meritorious the parties' respective positions may be on the right of Moran to gain relief from Wackeen pursuant to the attorney's fees and indemnification provisions of their settlement agreement, the trial court did not have subject matter jurisdiction to consider such positions on their merits because it lost such jurisdiction over the case when the last of the requests for dismissal was filed. The summary procedure provided by section 664.6 is unavailable to Moran, and as noted earlier, Moran must seek relief by means of a timely separate action.[9]

We reject Moran's assertions that various provisions in the settlement agreement show that the parties intended, or operate as a request for, retention of jurisdiction. None of them are the clear express request for retention of jurisdiction that we hold is necessary to permit the court to retain jurisdiction to summarily enforce, under section 664.6, the provisions of a settlement agreement after a case has been dismissed.

---

[9]At oral argument on this appeal, we were informed that Moran has filed such a separate suit for enforcement of the parties' settlement agreement.

## DISPOSITION

The orders from which the parties have appealed are reversed and the cause is remanded for further proceedings consistent with the views expressed herein. All parties to bear their own costs on appeal.

Klein, P. J., and Kitching, J., concurred.