Filed 12/13/13  Mac Beam, Inc. v. Cadovimex USA GJ Trade Co. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MAC BEAM, INC., | |
| Defendant and Appellant, | G047387 |
| v. | (Super. Ct. No. 30-2010-00366982) |
| CADOVIMEX USA GJ TRADE CORPORATION, | O P I N I O N |
| Plaintiff and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Andrew P. Banks, Judge.  Reversed.

Phillip J. Sandoval for Defendant and Appellant.

Garrett Skelly for Plaintiff and Respondent.

Mac Beam, Inc. (Mac Beam) appeals from a judgment entered in favor of Cadovimex USA GJ Trade Corp. (Cadovimex) pursuant to Code of Civil Procedure section 644.6.[1] The trial court determined Mac Beam breached the terms of its 2012 settlement agreement with Cadovimex, and granted its motion for entry of judgment against Mac Beam in the amount of $140,000. On appeal, Mac Beam raises five issues challenging the court's ruling, and we have determined one has merit, rendering the rest moot. We conclude the trial court lacked subject matter jurisdiction to enter judgment pursuant to section 664.6. The judgment is reversed.

## I

Our record does not contain documents describing the events that transpired before the parties' settlement. However, because the parties do not dispute the facts occurring pre-settlement, we will provide the facts agreed upon in the briefing. In 2005, Cadovimex contracted with Mac Beam to purchase 10 MB laser machines for $150,000, for use in the Socialist Republic of Vietnam. Nine units were shipped to Ho Chi Minh City, Vietnam, and one unit remained in Santa Ana, California. Soon thereafter, Cadovimex complained the nine machines delivered were not licensed for use in Vietnam and, therefore, were seized by the Ho Chi Minh Police Department. In April 2010, Cadovimex filed suit against Mac Beam seeking $210,000 in damages.

On January 17, 2012, counsel for the parties informed the trial court they reached a settlement and wished to have it included on the record. The agreement required (1) Mac Beam to pay $20,000 to Cadovimex within 30 days, (2) Cadovimex to return the 10 machines to Mac Beam, and (3) Mac Beam to issue a receipt confirming delivery and the condition of the units, and within 180 days of taking possession of all 10

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

machines tender two payments of $30,000 to Cadovimex. A "material representation" to the settlement was that the machines be in 100 percent new condition complete with all accessories and attachments. In essence, Mac Beam was to repurchase the units it originally sold Cadovimex.

Under the terms of the settlement, if Mac Beam defaulted and did not cure the default within 20 days of receiving written notice, Cadovimex would be entitled to a $160,000 judgment less credits for payments. On the other hand, if Mac Beam determined any of the machines did not comply with the conditions specified in the settlement, Cadovimex would retain possession of all the units relieving Mac Beam of any payment obligations beyond the first $20,000 payment. The settlement agreement provided Cadovimex and Mac Beam would dismiss with prejudice all claims contained in their respective complaint and cross-complaint.

Counsel for both parties obtained consent from their clients for the above settlement terms in the presence of the trial court. First, Mac Beam's counsel read aloud all the terms of the settlement agreement. Second, counsel asked each representative of their corporation, on the record, the following questions: (1) "Have you heard the terms of the settlement?"; (2) "Do you understand the terms?"; (3) "You understand what you're supposed to do?" (4) "Do you agree to the terms of the settlement?" Bia Mac, chief executive officer for Mac Beam, and Doug Nguyen, president of Cadovimex, both responded, "Yes" to these questions.

Following this exchange, the trial court confirmed with the attorneys the settlement agreement provided the underlying complaint and cross-complaint would be dismissed with prejudice. Counsel agreed and it appears the court's question prompted counsel for Cadovimex to orally request for the first time that the trial court retain

jurisdiction pursuant to section 664.6, to enforce the terms of the settlement. The trial court then asked, "And that was your understanding . . . ?" Counsel for Mac Beam, responded, "Yes, your honor." Although the corporate representatives were in attendance, they did not orally agree on the record (or in writing) to the court's retention of jurisdiction.

On February 27, 2012, a Mac Beam representative collected the first nine units from the Ho Chi Minh City Police Department.[2] The Mac Beam representative inspected the units, found they were not in "100 [percent] brand new condition," and detailed his findings in a letter to Mac Beam.

On March 6, 2013, Cadovimex provided Mac Beam with a 20-day written notice of default of the settlement agreement, stating the first nine units were collected without objection, but Mac Beam had not taken possession of the 10th unit in Santa Ana. On March 9, 2013, Mac Beam responded by e-mail to the notice of default, stating the following: (1) the units were non-compliant with the settlement agreement; (2) the 90-day period for the first $30,000 payment would not occur until all 10 units were received in perfect condition and as that was "impossible in light of the condition of the first nine units . . . ."; (3) "new arrangement[s] [would] need to be worked out"; and (4) counsel would set up a time for delivery and inspection of the 10th unit.

On April 16, 2012, Mac Beam sent a notice of rejection to Cadovimex informing the company Mac Beam would not repurchase the units and arrangements should be made to retake possession (hereafter, the April 16 e-mail). The following

_____

[2]　We note documents in the record differ on whether delivery of the Vietnam units occurred on February 26 or February 27. However, resolution of this factual issue is not necessary to decide the appeal. Without deciding the issue, we will use the later date, like the trial court, for purposes of this opinion.

4

week, Cadovimex filed a motion for entry of judgment on the terms of the settlement agreement pursuant to section 664.6. Mac Beam filed an opposition to the motion. In its opposition, Mac Beam admitted the nine units were delivered on or about February 26, 2012, but the e-mailed notice of rejection was not given to Cadovimex until April 16, 2012.

During the June 29, 2012 hearing, the court determined the outcome was dependent on whether Mac Beam timely rejected the first nine machines. Cadovimex argued the April 16 e-mail was the first time Mac Beam gave notice of the rejection. Mac Beam requested a continuance so as to investigate whether evidence of an earlier rejection existed. The court denied the request and heard argument on the remaining issues.

The trial court determined five days was a reasonable period of time for Cadovimex to inspect the machines in Vietnam and accept or reject them, or in the alternative, to request more time. Cadovimex argued five days time was not reasonable. The court responded that while it determined five days reasonable, and another court might find 10 days reasonable, however, "going from February 27[] to April 16[] is not a reasonable time." As the only evidence of a rejection in the record was the April 16 e-mail, the court determined Mac Beam did not timely reject the machines. In addition, the court concluded Mac Beam's failure to take delivery of the 10th unit breached the settlement agreement.

The court granted Cadovimex's motion for entry of judgment against Mac Beam in the amount of $140,000. Mac Beam filed a motion for a new trial, pursuant to section 657, on grounds of unfair surprise, abuse of discretion, and denial of a fair hearing on the issue of timely rejection, among others.

5

On August 24, 2012, the trial court considered and rejected each argument raised in the new trial motion, noting all issues were properly developed and addressed at the hearing; the trier of fact weighed all evidence presented to reach its conclusion; and Mac Beam failed to produce evidence to support its defense that a timely rejection was made.

## II

### A. Subject Matter Jurisdiction

Mac Beam argues the trial court lacked subject matter jurisdiction to enter judgment in accordance with the settlement agreement because the litigants did not personally consent (orally or in writing) to the trial court's retention of jurisdiction pursuant to section 664.6. It points out counsel for both corporations agreed on the record to jurisdiction, but their consent is insufficient to confer jurisdiction. We agree.

"When a court has jurisdiction over the parties and subject matter of a suit, its jurisdiction continues until a final judgment is entered. [Citation.] When there is a voluntary dismissal of an entire action, the court's jurisdiction over the parties and the subject matter terminates." (*Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 437 (*Wackeen*).) Section 664.6, however, provides: "If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." Thus, "even though a settlement may call for a case to be dismissed, or the plaintiff may dismiss the suit of its own accord, the court may nevertheless retain jurisdiction to enforce the terms of the settlement, until such time as all of its terms have been performed by the parties, *if the parties have requested this specific retention of jurisdiction.*" (*Wackeen, supra*, 97 Cal.App.4th at p. 439, original italics.)

6

The parties' "request for retention of jurisdiction must conform to the same three requirements which the Legislature and the courts have deemed necessary for section 664.6 enforcement of the settlement itself: the request must be made (1) during the pendency of the case, not after the case has been dismissed in its entirety, (2) by the parties themselves, and (3) either in a writing signed by the parties or orally before the court." (*Wackeen, supra,* 97 Cal.App.4th at p. 440.) "Like the stipulated settlement itself, a request that jurisdiction be retained until the settlement has been fully performed must be made either in a writing signed by the parties themselves, or orally before the court by the parties themselves, not by their attorneys of record, their spouses, or other such agents." (*Ibid.*)

"While a written or oral request for retention of jurisdiction may, but need not be, a part of the settlement agreement itself, that request must be express, not implied from other language, and it must be clear and unambiguous. A court should not have to resolve doubts or disputes as to whether an intention to retain jurisdiction is found in the provisions of a writing or an oral statement. These requirements for section 664.6 retention of jurisdiction preclude an assertion . . . that a court should examine other actions of the parties to determine whether the parties constructively 'requested' that there be retention of jurisdiction to enforce the terms of the settlement." (*Wackeen, supra,* 97 Cal.App.4th at p. 440.) [3]

"Requiring these formalities not only promotes judicial economy and the integrity of the summary enforcement process provided by section 664.6, but also protects the litigants. No litigant should be placed in the position of relying on

---

[3]     This answers Cadovimex's claim the parties consented to jurisdiction because "failure to object to settlement terms read into the record in one's presence, is sufficient to demonstrate consent."

representations, from an adversary or an attorney, that certain actions taken (or not taken), or certain language in a settlement agreement, will suffice for retention of personal and subject matter jurisdiction after a suit is dismissed, only to later discover, after the settlement agreement is signed and the dismissal has been accomplished, that someone has raised an issue regarding whether jurisdiction was actually retained.  It also protects the reasonable expectation of settling parties that the dismissal of an action will put an end to the litigation.  While . . . the court's lack of continuing jurisdiction to utilize section 664.6 does not preclude a party's enforcement of a settlement agreement by means of a separate action, matters such as statutes of limitation and the ability to bring an absent litigant back into court make enforcement of a settlement agreement under section 664.6 preferable to a separate suit."  (*Wackeen, supra,* 97 Cal.App.4th at p. 441.)

The settlement between Mac Beam and Cadovimex was made orally in court by the parties.  However, the "parties" did not authorize or request the trial court to retain jurisdiction to enforce the settlement.  Because the action was dismissed in its entirety without the parties requesting retention of jurisdiction, the trial court lacked jurisdiction to grant Cadovimex's motion and enter a formal judgment pursuant to the terms of the settlement.  Accordingly, we reverse the trial court's judgment.[4]

## B.  *No Estoppel*

Cadovimex takes issue with the fact Mac Beam, on two occasions, informed the trial court that it retained subject matter jurisdiction to enforce the

---

[4]     In light of our determination the trial court lacked jurisdiction to enforce the settlement agreement between Cadovimex and Mac Beam, the remaining issues raised by the parties are moot. (*Wilson v. L.A. County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453 [when issue loses controversial character it is moot and will not be considered by court].)

8

settlement agreement but now argues the trial court lacked jurisdiction. Cadovimex states it "would not have agreed to the [d]ismissal with prejudice of the underlying lawsuit had the [t]rial [c]ourt not retained jurisdiction of the [s]ettlement [a]greement." We read Cadovimex's statements to assert, under an estoppel theory, Mac Beam's prior representations to the court now prevent it from arguing the court had no jurisdiction. This assertion is incongruous with well-settled law on subject matter jurisdiction.

"[T]he court lost subject matter jurisdiction when the parties filed a voluntary dismissal of the entire cause." (*Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 207 (*Viejo Bancorp*).) Subject matter jurisdiction must be determined at the time a court seeks to act. (*Hagan Engineering Inc. v. Mills* (2003) 115 Cal.App.4th 1004, 1008.) Subject matter jurisdiction is only conferred by constitutional or statutory law. (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 42.) Unlike personal jurisdiction, it cannot be consented to, waived, or subject to estoppel. (*Viejo Bancorp, supra,* 217 Cal.App.3d at p. 207.)

The law is clear—Mac Beam cannot be estopped from challenging the court's subject matter jurisdiction based on its prior statements. (*Viejo Bancorp, supra,* 217 Cal.App.3d at p. 207.) We are sympathetic to Cadovimex's argument it would not have agreed to a dismissal without having an expedient remedy to enforce the settlement agreement, and we understand why it now feels it was denied the benefit of the bargained for settlement. However, we note "no one forced [Cadovimex] to agree to a settlement which provided for dismissal of the old action. As the parties certainly recognized, not all settlements contemplate a dismissal of the underlying action. [Cadovimex] could have protected itself from [Mac Beam's alleged breach of the agreement] by refusing to agree to that provision [or making sure consent to continuing jurisdiction was clearly and

9

unambiguously part of the settlement terms expressly agreed to by the authorized parties]. . . . No matter how toothless the agreement may seem in retrospect, it is not the province of the trial court to rewrite it and put in the teeth the complaining side now thinks it should have had. [Citation.]" (*Ibid.*)

*C. No Waiver*

Cadovimex devotes two sentences to the argument Mac Beam waived its right to challenge the trial court's jurisdiction when it "failed to raise the issue . . . at the time of filing of the [m]otion for [n]ew [t]rial." Cadovimex provides no authority in support of this argument. The issue is waived. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 [when appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].) It is well settled subject matter jurisdiction may be challenged by any party at any time before or during trial or on appeal. (*Great Western Casinos, Inc. v. Morongo Band of Mission Indians* (1999) 74 Cal.App.4th 1407, 1418-1419.)

III

In the respondent's brief, Cadovimex asserts the appeal should be dismissed in light of evidence Mac Beam's corporate status was suspended. We requested supplemental briefing on the issue. In a supplemental letter brief, Mac Beam demonstrates it took the requisite actions to reinstate its corporate status. On October 28, 2013, we informed the parties of our intent to take judicial notice the California Secretary of State's electronic records of corporate status that indicate Mac Beam's corporate status is active. Having received no objection, we take judicial notice and reject Cadovimex's argument the appeal must be dismissed. (Evid. Code, § 452.)

10

IV

We reverse the judgment.  Mac Beam shall recover its costs on appeal.


O'LEARY, P. J.

WE CONCUR:


RYLAARSDAM, J.


THOMPSON, J.