Filed 3/29/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MESA RHF PARTNERS, L.P.,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendants and<br>    Respondents. | B288355<br><br>(Los Angeles County<br>Super. Ct. No. BS140224) |
| HILL RHF HOUSING PARTNERS, L.P.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendants and<br>    Respondents. | B288356<br><br>(Los Angeles County<br>Super. Ct. No. BS138416) |

APPEALS from orders of the Superior Court of Los Angeles County, Amy D. Hogue, Judge. Affirmed.

Reuben Raucher & Blum, Timothy D. Reuben, Stephen L. Raucher, and Hana S. Kim for Plaintiffs and Appellants.

Michael N. Feuer, City Attorney, Beverly A. Cook, Assistant City Attorney, and Daniel M. Whitley, Deputy City Attorney, for Defendants and Respondents.

_____

Mesa RHF Housing Partners (Mesa), Hill RHF Housing Partners (Hill), and Olive RHF Housing Partners (Olive) appeal from orders denying motions to enforce settlement agreements under Code of Civil Procedure section 664.6.[1] The trial court denied those motions on the merits. We affirm the trial court's orders, but we do so based on our conclusion that the trial court was without jurisdiction to hear the motions.

## BACKGROUND

Hill and Olive filed a petition for peremptory writ of mandate and complaint for declaratory and injunctive relief against the City of Los Angeles and the Los Angeles County Assessor's Office on July 18, 2012 challenging various provisions regarding the City's establishment of the Downtown Center Business Improvement District (DCBID) by ordinance of April 10, 2012. On January 13, 2013, counsel for Hill and Olive filed a notice of settlement of entire case stating that the parties had settled the case on December 20, 2012. The parties' settlement agreement contained the following language: "The Court shall retain jurisdiction pursuant to Code of Civil Procedure section 664.6 to enforce the terms of the Settlement Agreement." On

_____

[1] Statutory references are to the Code of Civil Procedure unless otherwise specified.

March 1, 2013, counsel for Hill and Olive filed a request for dismissal on Judicial Council form CIV-110 that contained the following language counsel inserted into the document: "Court shall retain jurisdiction to enforce settlement per C.C.P. §664.6." A deputy clerk entered the dismissal "as requested" on the same day.

On November 1, 2012, Mesa filed a petition for peremptory writ of mandate and complaint for declaratory and injunctive relief against the City of Los Angeles, the San Pedro Historic Waterfront Property and Business Improvement District (SPBID), and the San Pedro Property Owners Alliance challenging various provisions regarding the City's establishment of the SPBID by ordinance of October 4, 2012. On February 27, 2013, counsel for Mesa filed a notice of settlement of entire case stating that the parties had settled the case that same day. The parties' settlement agreement contained the following language: "The Court shall retain jurisdiction pursuant to Code of Civil Procedure section 664.6 to enforce the terms of the Settlement Agreement." On September 26, 2013, counsel for Mesa filed a request for dismissal on Judicial Council form CIV-110 that contained the following language counsel inserted into the document: "The Court shall retain jurisdiction to enforce the settlement agreement per Code of Civil Procedure §664.6." A deputy clerk entered the dismissal "as requested" on the same day.

The parties' settlement agreements purported to settle all of the matters raised by the Olive, Hill, and Mesa petitions. The City agreed to "undertake to make [Hill and Olive] whole" for any assessments by the DCBID against properties those entities owned when the DCBID was formed. "For so long as [Hill and

3

Olive] remain the owners of these properties," the settlement agreement provided, "and the DCBID continues in its current formulation, the City will remit to [Hill and Olive] an amount sufficient to satisfy the amounts paid by [Hill and Olive] to the DCBID . . . ." The Mesa settlement agreement contained the same operative language and commitment from the City "[f]or so long as Mesa[] remains the owner of this property, and the SPBID continues in its current formulation."

The DCBID and SPBID each expired on December 31, 2017. They were renewed pursuant to statute for a new term to begin on January 1, 2018. During the parties discussions regarding the Business Improvement Districts' (BIDs) renewals, the City informed Mesa, Hill, and Olive that it believed the settlement agreements terminated with the BIDs' expiration. The City contended that the renewal discontinued each of the BIDs "in its current formulation," and that the City would therefore no longer be required to remit to Mesa, Hill, and Olive amounts the BIDs had assessed those entities.

On January 4, 2018, Hill, Olive, and Mesa filed motions to enforce the settlement agreements under section 664.6. The trial court heard and denied the motions on January 31, 2018 on the merits. Mesa, Hill, and Olive filed timely notices of appeal.

Because the record contains no request for the trial court to retain jurisdiction as required by section 664.6, we requested supplemental briefing from the parties regarding the trial court's retention of jurisdiction under section 664.6.[2]

---

[2] In addition to their supplemental briefs, on February 15, 2019, Mesa, Olive, and Hill also filed a request for judicial notice. We grant the request for judicial notice.

4

**DISCUSSION**

Although the parties try to characterize Hill, Olive, and Mesa's requests for dismissal as requests to the trial court that it retain jurisdiction under section 664.6 to enforce the parties' settlement agreements, we disagree with that characterization. The requests for dismissal were not signed by the "parties" (or even a single "party") as that term in section 664.6 has been uniformly construed by California courts.

"[V]oluntary dismissal of an action or special proceeding terminates the court's jurisdiction over the matter." (*In re Conservatorship of Martha P.* (2004) 117 Cal.App.4th 857, 867.) "*If requested by the parties*," however, "the [trial] court may retain jurisdiction over the parties to enforce [a] settlement until performance in full of the terms of the settlement." (§ 664.6, italics added.) "Because of its summary nature, strict compliance with the requirements of section 664.6 is prerequisite to invoking the power of the court to impose a settlement agreement." (*Sully-Miller Contracting Co. v. Gledson/Cashman Construction, Inc.* (2002) 103 Cal.App.4th 30, 37; *Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1262 (*Critzer*).)

A request for the trial court to retain jurisdiction under section 664.6 "must conform to the same three requirements which the Legislature and the courts have deemed necessary for section 664.6 enforcement of the settlement itself: the request must be made (1) during the pendency of the case, not after the case has been dismissed in its entirety, (2) by the parties themselves, and (3) either in a writing signed by the parties or orally before the court." (*Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 440 (*Wackeen*).) The "request must be express, not implied

5

from other language, and it must be clear and unambiguous." (*Ibid.*)

The parties ask us to construe Mesa, Hill, and Olive's requests for dismissal as section 664.6 requests for the trial court to retain jurisdiction.[3]  We will not do so.

The request to the court that it retain jurisdiction under section 664.6 must be made by the parties.  "[A] request that jurisdiction be retained until the settlement has been fully performed must be made either in a writing signed by the parties themselves, or orally before the court by the parties themselves, not by their attorneys of record, their spouses, or other such agents."  (*Wackeen, supra*, 97 Cal.App.4th at p. 440; *Critzer, supra*, 187 Cal.App.4th at p. 1254.)  The Judicial Council form CIV-110 in each case was signed only by an attorney for Mesa, Hill, and Olive.

The City contends that the settlement agreements, which were never presented to the trial court before Mesa, Hill, and Olive requested dismissal, were the request and *that* request was then communicated to the trial court via the Judicial Council form CIV-110.  We disagree.

The settlement agreements were not attached to the Judicial Council form requests for dismissal or otherwise transmitted to the trial court before the cases were dismissed.

---

[3] The parties agree that the trial court retained jurisdiction under section 664.6 to enforce the settlement agreements.  But subject matter jurisdiction "is not subject to forfeiture or waiver" and cannot be conferred by "estoppel, consent, . . . or agreement."  (*Kim v. Konad USA Distribution, Inc.* (2014) 226 Cal.App.4th 1336, 1347; *Garibotti v. Hinkle* (2015) 243 Cal.App.4th 470, 481.)  The parties' agreement in this instance is consequently neither dispositive nor even germane.

The City's argument runs directly contrary to our Supreme Court's determination that "the term 'parties' as used in section 664.6 . . . means the litigants themselves, and does not include their attorneys of record." (*Levy v. Superior Court* (1995) 10 Cal.4th 578, 586.) The City makes an impassioned plea that parties will be caught in a " 'Catch 22' where any path to settlement enforcement potentially could be foreclosed to them.' " Given the instruction to litigants in the published cases on this topic, we are not persuaded by the City's argument. Mesa, Olive, and Hill can, for example, file a new action for breach of the settlement agreement. (See, e.g., *Hagan Engineering, Inc. v. Mills* (2003) 115 Cal.App.4th 1004, 1011.) In this case, the parties could have easily invoked section 664.6 by filing a stipulation and proposed order either attaching a copy of the settlement agreement and requesting that the trial court retain jurisdiction under section 664.6 or a stipulation and proposed order signed by the parties noting the settlement and requesting that the trial court retain jurisdiction under section 664.6. The process need not be complex. But strict compliance demands that the process be followed.

## DISPOSITION

The trial court's orders denying the motions to enforce the settlement agreements are affirmed. The parties are to bear their own costs on appeal.

CERTIFIED FOR PUBLICATION


CHANEY, J.

We concur:


ROTHSCHILD, P. J.


WEINGART, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8