Filed 11/13/25  Woodhouse Development v. Kogok Home Engineering CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WOODHOUSE DEVELOPMENT, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> KOGOK HOME ENGINEERING, LLC, <br><br> Defendant and Appellant. | B341321 <br><br> (Los Angeles County Super. Ct. No. 21GDCV00406) |

APPEAL from an order of the Superior Court of Los Angeles County, Ashfaq G. Chowdhury, Judge.  Affirmed.

Law Offices of David S. Lin and David S. Lin for Defendant and Appellant.

Lo & Lo, Kelvin J. Lo, and Brendan T. Molloy for Plaintiff and Respondent.

Defendant Kogok Home Engineering, LLC appeals from the trial court's order enforcing a settlement agreement between Kogok and plaintiff Woodhouse Development, LLC pursuant to Code of Civil Procedure section 664.6.[1]  Kogok contends that the trial court lacked subject matter jurisdiction to consider the motion.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Woodhouse filed this unlawful detainer action against Kogok in March 2021.  In September 2021, the parties entered into a written settlement agreement.  The agreement stated in part, "Landlord agrees to file a request for dismissal, explicitly providing for the Court's retained jurisdiction pursuant to this paragraph, within a week of the full execution of this Agreement. The Parties expressly agree that this Agreement is entered into pursuant to [ ] Section 664.6, and that the Court in which the Action is now pending may retain jurisdiction over the Parties and the Action itself to enforce this Agreement and the terms of this Agreement until performance in full of the terms of the Agreement, including entry and enforcement of judgment for damages and possession of the Property or any appropriate orders upon motion of any Party pursuant to the terms of the Agreement and [ ] Section 664.6."

A week later, Woodhouse filed a request for dismissal on Judicial Council form CIV-110 stating, "Dismissal with explicit reservation of jurisdiction under C.C.P. Section 664.6" and attaching a copy of the settlement agreement.  A deputy clerk entered the dismissal "as requested" on the same day.

---

[1]     All further statutory references are to the Code of Civil Procedure.

2

Woodhouse did not indicate on the form whether the dismissal was to be with or without prejudice, but according to the case information register of actions of the Los Angeles Superior Court, the dismissal was entered without prejudice as to the entire action.

In August 2024, Woodhouse filed its motion to enforce the settlement agreement and enter judgment pursuant to section 664.6. Woodhouse claimed Kogok breached the parties' agreement. The trial court granted the motion. The court ordered the dismissal set aside and entered judgment in favor of Woodhouse, awarding it holdover damages, possession of the real property at issue, and attorney fees and costs. Kogok appealed.

## DISCUSSION

Kogok contends that, absent setting aside the dismissal pursuant to section 473, the trial court lacked subject matter jurisdiction to enforce the settlement agreement under section 664.6. We disagree.

"'[V]oluntary dismissal of an action or special proceeding terminates the court's jurisdiction over the matter.'" (*Mesa RHF Partners, L.P. v. City of Los Angeles* (2019) 33 Cal.App.5th 913, 917.) However, section 664.6 "provides a summary procedure to enforce a settlement agreement by entering judgment pursuant to the terms of the settlement. [Citation.] Section 664.6 states that if the parties to pending litigation enter into a settlement either in a writing signed by the parties or orally before the court, the court, upon a motion, may enter judgment pursuant to the terms of the settlement. The court retains jurisdiction to enforce a settlement under the statute even after a dismissal, but only if the parties requested such a retention of jurisdiction before the

3

dismissal." (*Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1182, fn. omitted (*Hines*).) Legal questions, such as whether the granting of a section 664.6 motion satisfied the statute's requirements, are reviewed de novo. (*Greisman v. FCA US, LLC* (2024) 103 Cal.App.5th 1310, 1322.)

Here, the parties apprised the trial court of their desire that the court retain jurisdiction of the case notwithstanding the dismissal. Woodhouse's request for dismissal stated that the dismissal was with the "explicit reservation of jurisdiction" under section 664.6 and attached a copy of the parties' settlement agreement. The agreement provided that the court was to retain jurisdiction over the parties and action to enforce the agreement until full performance of its terms. The court entered the request for dismissal "as requested." Kogok does not show the request for retention of jurisdiction was defective in any manner.

Kogok cites *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, in arguing that the trial court lacked subject matter jurisdiction to enforce the settlement agreement. That case is distinguishable. *Viejo Bancorp* held that a motion to enter judgment under section 664.6 pursuant to the terms of a settlement in a prior action could not be made in a separate action. (*Id.* at p. 208.) And because the prior action had been dismissed, the trial court lacked subject matter jurisdiction to enter judgment in that case. (*Id.* at pp. 206–207.) After *Viejo Bancorp* was decided, the Legislature amended section 664.6 to add the provision that, "'[i]f requested by the parties [to a stipulated settlement], the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.'" (*Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 439.) The effect of the amendment was to

4

"provide courts with continuing jurisdiction over parties and their litigation, for the purpose of enforcing their settlement agreement, despite a suit's having been dismissed after the execution of the agreement." (*Id.* at p. 433.) The trial court here was within its jurisdiction to enforce the settlement despite Woodhouse's dismissal.

Next, Kogok claims it's not clear whether Woodhouse dismissed with or without prejudice because Woodhouse did not check that box on the Judicial Council form. Kogok contends the dismissal should, therefore, have been entered with prejudice. It makes no difference. Kogok fails to cite any authority holding that a dismissal with prejudice prevents a court from enforcing a settlement agreement under section 664.6 where the court retained jurisdiction before the dismissal. In short, because the parties requested the trial court retain jurisdiction *prior to dismissal*, Woodhouse could properly seek to enforce the settlement agreement under section 664.6 whether or not the case was dismissed with prejudice. (*Hines*, *supra*, 167 Cal.App.4th at p. 1182.)

Finally, Woodhouse filed a motion to dismiss Kogok's appeal as frivolous and impose sanctions against Kogok and its counsel. "We have the inherent power to dismiss a frivolous appeal—that is, an appeal that indisputably has no merit or that is prosecuted for an improper motive (e.g., harassment or delay)." (*Semprini v. Wedbush Securities Inc.* (2024) 101 Cal.App.5th 518, 525, fn. 3.) That power, however, "'should not be used except in the absolutely clearest cases.'" (*Ibid.*) Moreover, sanctions on appeal "should be used most sparingly to deter only the most egregious conduct." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651.)

Woodhouse's first contention is that the appeal should be dismissed because Kogok forfeited its argument that the trial court lacked subject matter jurisdiction to hear Woodhouse's motion by failing to raise it in the trial court. But subject matter jurisdiction "is not subject to forfeiture or waiver" (*Kim v. Konad USA Distribution, Inc.* (2014) 226 Cal.App.4th 1336, 1347), and cannot be conferred by "estoppel, consent, waiver, or agreement." (*Garibotti v. Hinkle* (2015) 243 Cal.App.4th 470, 481.)

Woodhouse also asserts the only apparent reason for the appeal is to delay the effect of the judgment. However, Woodhouse largely references conduct by Kogok for which there is no evidentiary support. Woodhouse's remaining contentions are the same as its arguments for affirmance of the order. Generally, when the "'disposition of a motion to dismiss requires a consideration of the appeal upon its merits, the motion must be denied.'" (*Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 294.) We therefore exercise our discretion to deny the motion and not impose sanctions.

**DISPOSITION**

The order is affirmed. Woodhouse is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


VAN ROOYEN, J.**

We concur:



COLLINS, acting P. J.



TAMZARIAN, J.

---

** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

7