Filed 11/29/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHAUNAK SAYTA, Plaintiff and Appellant, v. EDMUND CHU et al., Defendants and Respondents. | A148823 (San Francisco City and County Super. Ct. No. CGC-15-543620) |

Code of Civil Procedure section 664.6 provides a summary, expedited procedure to enforce settlement agreements.[1] This case offers an object lesson on the requirements to invoke section 664.6 and the consequences of failure to comply with those requirements.

In this matter, Shaunak Sayta filed suit against respondents Edmund Chu, Peter Chin, Susan Lai, and Taia Chin (Chu's niece; hereafter Taia),[2] alleging various causes of action arising from efforts to terminate Sayta's tenancy. The suit was resolved by a written settlement agreement. The complaint, and a cross-complaint against Sayta, were dismissed by the parties. Sayta subsequently brought a motion to enforce the settlement pursuant to section 664.6, alleging breach of a confidentiality provision and seeking liquidated damages. The trial court denied the motion on the merits and Sayta appeals.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] Sayta alleged that Chu, Chin, and Lai owned and managed the subject property. Sayta also sued respondents' attorney David Foran and his law firm. The complaint against Foran and his firm was dismissed on their anti-SLAPP motion (§ 425.16), and they are not parties to this appeal.

Because the parties failed to request, *before* dismissal, that the trial court retain jurisdiction to enforce the settlement, or alternatively seek to set aside the dismissals, we find the court lacked jurisdiction to entertain the motion. We therefore reverse on that basis and do not reach the merits.

## I. BACKGROUND AND PROCEDURAL HISTORY[3]

Taia rented an apartment on 16th Street in San Francisco, owned by Chu and Chin. In August 2012, Sayta entered into a 12-month lease agreement with Taia for a bedroom in the apartment. By its terms, lease renewal was on a month-to-month basis after August 2013. Between 2013 and 2015, a series of disputes between Sayta and respondents regarding the tenancy resulted in actions before the superior court and San Francisco Rent Board. In January 2015, Sayta filed suit in superior court against respondents, alleging contract and tort claims. Chu and Chin cross-complained. Thereafter, respondents and Sayta entered into a written "Settlement Agreement and Stipulation for Conditional Entry of Judgment for Possession of Real Property" (Agreement). The terms of the Agreement provided, inter alia, for a mutual general release, dismissal of the complaint and cross-complaint, withdrawal of any pending rent board petitions, termination of Sayta's tenancy, waiver by respondents of claims for unpaid rent, and return of Sayta's security deposit. The Agreement included a provision

---

[3] We have only a minimal partial record of the underlying action and must rely largely on what appears to be undisputed pleading allegations of the parties. We question whether the record would be adequate for meaningful appellate review if we were required to address the merits. It should be unnecessary to remind counsel that " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant has the burden of demonstrating error on the part of the trial court. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

2

that its terms "shall remain confidential" and provided for liquidated damages of $15,000 for breach of that provision. As discussed *post*, the Agreement also provided for summary enforcement pursuant to section 664.6. Both the complaint and cross-complaint were dismissed in June 2015.

In April 2016, Sayta filed a motion in superior court under section 664.6 to enforce the Agreement.[4] Sayta alleged Chin "had placed [the Agreement] . . . on the public record," potential landlords had access to the Agreement, and Sayta had been denied housing in San Francisco as a result. Sayta also asserted he received only a partial refund of his deposit.

Respondents opposed the motion, acknowledging Chin provided the rent board a copy of the Agreement, but denied it was a breach of the Agreement to do so. They alleged Chin provided the copy only in response to the rent board's request for a reply to an earlier-filed proceeding against respondents that Sayta had failed to dismiss. Respondents also noted the existence of at least six prior public court or rent board proceedings between the parties. In reply, Sayta contended Chin's filing with the rent board was entirely gratuitous and not required within the meaning of the Agreement. Sayta argued the specified liquidated damages should be awarded regardless of whether actual damage had been shown.

The court heard the motion on May 18, 2016,[5] and by written order denied Sayta's motion. The order stated, "The Court finds that there is no violation of the [A]greement: (a) [Sayta] failed to notify the rent board of the settlement agreement; (b) [Sayta] failed to stipulate to sealing the records with the rent board." Sayta filed a timely notice of appeal.[6]

---

[4] Both parties agree the Agreement is valid, binding, and enforceable. The only issue before the trial court was whether the Agreement had been breached.

[5] No transcript or other record of the hearing has been provided on appeal.

[6] At least one court has concluded that an order denying a motion for judgment under section 664.6 is nonappealable. (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1294 ["denial of the motion, rather than finally disposing of the action, expressly leaves it open"]; cf. *Walton v. Mueller* (2009) 180 Cal.App.4th 161, 167 [acknowledging general

3

## II. DISCUSSION

A. *Section 664.6*

Section 664.6 provides that "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." "Section 664.6 was enacted to provide a summary procedure for specifically enforcing a settlement contract without the need for a new lawsuit." (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809.)

Paragraph 11 of the Agreement provides in relevant part: "All parties shall dismiss their entire claims and causes of action . . . subject to the parties' express agreement and request that the Court retain jurisdiction pursuant to [section] 664.6 to enforce the remaining terms of this settlement agreement and judgment in the event any party fails to comply with all the obligations set forth herein. In the event the matter is dismissed, and pursuant to the express statement set forth in *Wackeen v. Malis* (2002) 97 [Cal.App.4th] 429, the Court may nevertheless retain jurisdiction to enforce the terms of the settlement, until such time as all of its terms have been performed by the parties, **as the parties requested this specific retention of jurisdiction**. The parties agree that the Court may set aside dismissal if necessary, upon application by any party, for the purpose of enforcing the terms of this [Agreement] and entering judgment pursuant to its terms."

While paragraph 11 provides that the parties would request the superior court to retain jurisdiction pursuant to section 664.6, and that the court could set aside the dismissals on the request of either party, nothing in the record before us indicates that any party did either. We therefore ordered the parties to provide supplemental briefing

rule of nonappealability, but finding adverse order appealable in "narrow circumstances" of that case under Code of Civ. Proc., § 904.1, subd. (a)(2) as an order made after an appealable judgment].) Since we find the order here void, we do not address this question.

4

addressing the question of whether the trial court had subject matter jurisdiction over Sayta's motion in these circumstances. Although we directed counsel's attention to relevant case authority, both sides either ignored or misinterpreted that authority. At the scheduled oral argument, we directed the parties to submit further supplemental letter briefs specifically addressing the application of *Hagan Engineering, Inc. v. Mills* (2003) 115 Cal.App.4th 1004, 1010 (*Hagen*).[7] For reasons we now discuss, we conclude the trial court lacked jurisdiction, and the judgment is consequently void.

B.       *Necessity of Retained Jurisdiction*

"By its very terms, section 664.6 is limited to settlements reached in *pending litigation*." (*Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 206 (*Viejo Bancorp*).) In *Viejo Bancorp*, the parties had entered into a settlement agreement to resolve four separate matters, and the litigation was then dismissed. Alleging that one of the settling parties had breached the settlement agreement, another party to the settlement (a bank) filed a new lawsuit for breach of contract. The bank then made a section 664.6 motion in this new action to have the settlement agreement in the original action enforced. The trial court granted the motion. (*Id*. at pp. 203–204.) The reviewing court reversed, finding section 664.6 unavailable in the bank's new action to enter judgment pursuant to the terms of a settlement in the original action (*id*. at pp. 208–209) and unavailable in the original action "since the [original] action was not pending at the time the court sought to enter judgment. On execution of the settlement agreement, the [original] action was voluntarily dismissed by the parties. An action which is voluntarily dismissed in its entirety is no longer pending. (. . . § 1049.) . . . In short, in the absence of a motion under . . . section 473 to vacate the dismissal, the court was without subject matter jurisdiction [over the original] action." (*Viejo Bancorp,* at p. 206.) The appellate court further rejected the argument that section 664.6 requires only that an action be

---

[7] Sayta submitted an untimely and oversized brief, and in apparent reply to respondents' second supplemental brief, in violation of the directions of our November 16, 2017 order. We nevertheless grant Sayta's application for permission to file the noncompliant brief to address the merits of issues raised therein.

pending at the time the parties enter into the settlement, and does not require the action to be pending when the court seeks to enter the judgment. "This is an issue of subject matter jurisdiction. And whether an action is pending and the court has concurrent jurisdiction to act is an issue which must be determined at the time the court seeks to act. Because the [original] action was no longer pending at the time the court sought to enter the judgment reviewed here, the court was without subject matter jurisdiction. [¶] . . . Here, . . . the court lost subject matter jurisdiction when the parties filed a voluntary dismissal of the entire cause. Since subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel, the court cannot 'retain' jurisdiction it has lost." (*Viejo Bancorp,* at pp. 206–207.)

In 1993, section 664.6 was amended "as the Legislature's solution to the problem presented in *Viejo Bancorp*." (*Wackeen v. Malis, supra,* 97 Cal.App.4th at p. 439 (*Wackeen*); 6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 125, pp. 561–562.) The amendment added the provision that " '[i]f requested by the parties [to a stipulated settlement], the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.' . . . We construe the second sentence of section 664.6 to mean, and we so hold, that even though a settlement may call for a case to be dismissed, or the plaintiff may dismiss the suit of its own accord, the court may nevertheless retain jurisdiction to enforce the terms of the settlement, until such time as all of its terms have been performed by the parties, *if the parties have requested this specific retention of jurisdiction*." (*Wackeen*, at p. 439.)

In their first supplemental briefing, both parties acknowledged *Wackeen* (and indeed referenced it in paragraph 11 of the Agreement). Both sides appeared to ignore, however, *Wackeen*'s discussion of the requirements for a proper request for retention of section 664.6 jurisdiction. "That is, the request for retention of jurisdiction must conform to the same three requirements which the Legislature and the courts have deemed necessary for section 664.6 enforcement of the settlement itself: the request must be made (1) during the pendency of the case, not after the case has been dismissed in its entirety, (2) by the parties themselves, and (3) either in a writing signed by the parties or

6

orally before the court." (*Wackeen, supra,* 97 Cal.App.4th at p. 440.) The parties curiously suggested, however, that mere incorporation of paragraph 11 in the Agreement somehow served as a sufficient request to the court.

*Wackeen* does not stand for the proposition that parties may confer jurisdiction on trial courts by including language in a settlement agreement but not *asking the court* to retain jurisdiction. (*Hagan, supra,* 115 Cal.App.4th at p. 1010.) "[S]ettlement language purporting to vest the trial court with retained jurisdiction after the dismissal [is] a nullity: Subject matter jurisdiction cannot be conferred by consent, waiver or estoppel." (*Id*. at p. 1008.) Respondents' second supplemental brief acknowledged that the trial court lacked jurisdiction, absent a request to set aside the dismissal previously entered. In his second supplemental brief, Sayta stubbornly continues to insist that reservation of jurisdiction by the trial court prior to dismissal is unnecessary, and he struggles to distinguish *Hagen*, which unequivocally holds otherwise.

Sayta continues to assert that a settlement agreement containing an uncommunicated request to retain jurisdiction need only be entered into "during the pendency of a civil action (i.e., after commencement of a lawsuit and prior to dismissal of that same suit)." Sayta attempts to distinguish *Hagen* as a case in which the moving party's section 664.6 motion "sought entry of a *judgment* (injunctive and other additional relief) and not merely enforcement of the terms of the agreement based on the existing judgment." We find his efforts unsupported by any authority and unpersuasive. Sayta continues to blithely ignore the fact that the issue is not *what* relief the trial court can grant, but whether it has jurisdiction to grant *any*.

The parties made their Agreement confidential, and nothing in the record indicates any part of it was communicated to the trial court before the dismissals. The parties were required to present *to the trial court* a proper request to retain jurisdiction for purpose of section 664.6 motions. (*Wackeen, supra*, 97 Cal.App.4th at p. 439.) Sayta fails to explain how the court could have fathomed a "request" for retained jurisdiction, much less granted it sub silentio from a secret handshake of the parties. He further advances an argument specifically rejected in *Viejo Bancorp*—that section 664.6 requires only that the

parties' written stipulation to retention of jurisdiction occur prior to dismissal. (See *Viejo Bancorp, supra*, 217 Cal.App.3d at p. 206.)

"[A]lthough section 664.6 provides a valuable tool in aid of enforcing settlements, it does not float in the ether to be drawn upon whenever a party seeks enforcement." (*Hagan, supra,* 115 Cal.App.4th at p. 1008.) As in *Viejo Bancorp* and *Wackeen*, the trial court did not have subject matter jurisdiction to entertain a section 664.6 motion on the merits "because it lost such jurisdiction over the case when the last of the requests for dismissal was filed." (*Wackeen, supra,* 97 Cal.App.4th at p. 441; accord *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1155–1156 [where a stipulated judgment includes a dismissal, the parties must ask the trial court to retain jurisdiction before the dismissal deprives the court of that jurisdiction]; see Weil & Brown, Civil Procedure Before Trial (The Rutter Group 2017) ¶ 12.982, pp. 12(II)-134 to 12(II)-135 [a "court loses *subject matter* jurisdiction when an action is voluntarily dismissed[;] . . . it [thereafter] has no power to enforce a settlement" (italics added)].)

We express no view on whether remedies remain available to the parties under section 473.

### III.   DISPOSITION

The order denying Sayta's motion for enforcement of the Agreement is void for lack of subject matter jurisdiction. The matter is remanded to the superior court with directions to vacate the order. Neither party shall recover costs on appeal.

_____

BRUINIERS, J.

WE CONCUR:

_____

JONES, P. J.

_____

SIMONS, J.

A148823

9

Superior Court of the City and County of San Francisco, No. CGC-15-543620, Ronald E. Quidachay, Judge.

Aroplex Law and Amy Sommer Anderson for Plaintiff and Appellant.

Sacramento and Foran Law Office and David J. Foran for Defendants and Respondents.