Filed 6/8/22  Hume v. Hume CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JANET E. HUME,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EDWARD D. HUME,<br><br>        Defendant and Appellant. | A161616<br><br>(San Mateo County<br>Super. Ct. No. CIV426301) |

The doctrine of law of the case " 'precludes a party from obtaining appellate review of the same issue more than once in a single action.' " (*Dickinson v. Cosby* (2019) 37 Cal.App.5th 1138, 1153.)  This principle determines the present appeal because appellant has previously raised in this court, and lost, the sole issue he presses here.

In 2017, Edward D. Hume filed a trial court motion to enforce a 2004 judgment that incorporated a settlement agreement between Edward and his family, claiming that his mother Janet had breached the agreement.[1]  The trial court denied the motion, finding that it was Edward rather than Janet who had breached the settlement agreement.  In 2018, Edward filed a motion to vacate the 2004 judgment, claiming that the judgment is void for lack of

---

[1]  We use given names to distinguish between the parties.

1

jurisdiction. This motion was also denied. In 2019, both rulings were affirmed by another panel of this court. (*Hume v. Hume* (Aug. 30, 2019, A152546, A154161) [nonpub. opn.].) For our purposes, we will refer to this prior appeal as *Hume I*, although it is not the first appeal arising from the 2004 judgment.[2]

The present appeal is from 2020 orders awarding Janet attorney's fees that she incurred opposing Edward's 2017 and 2018 motions. Edward contends the orders must be reversed because the 2004 judgment is void. The same argument was rejected in *Hume I*, which we follow here in affirming the attorney's fees orders.

## BACKGROUND

### I. The 2004 Judgment and Related Appeals

In October 2002, Edward's parents, Janet and Edward A. (parents), filed this action against Edward after he claimed a one-third beneficial interest in Woodside property where his parents had built their family home. Edward filed cross-claims against his parents, two sisters and others. The complaint and cross-complaint were dismissed with prejudice pursuant to a settlement agreement executed in July 2004, which resolved several disputes among the parties. The settlement agreement contains a provision stating that the trial court " 'shall keep jurisdiction of this matter' " and that the

---

[2] *Hume I* is part of the record in this appeal and the primary source of our background summary. Pursuant to Evidence Code section 452, we take judicial notice of the following other appellate decisions relating to the 2004 judgment: *Hume v. Hume* (May 31, 2005, A108674) (nonpub. opn.); *Hume v. Hume* (Oct. 30, 2006, A111424) (nonpub. opn.); *Hume v. Hume* (Aug. 31, 2020, A160202) (nonpub. opn.). Janet's October 20, 2021, motion for judicial notice of court dockets pertaining to the prior appeals in this action is denied as the material is not relevant to our resolution of this appeal.

settlement agreement is enforceable under Code of Civil Procedure section 664.6 (section 664.6).[3]

As pertinent here, the 2004 settlement agreement vested beneficial title and use of the Woodside property with the parents. Edward agreed that (1) he would not transfer or encumber his one-third legal interest in the property without the parents' consent, (2) he would transfer two-thirds of his interest in the property to his two adult children via a series of annual gift transfers, and (3) interests worth $750,000 would be transferred to each of Edward's children by December 31, 2004. To ensure his compliance with these obligations, Edward agreed to execute two grant deeds; a deed transferring Edward's "remaining interest" in the property to his parents would be recorded if Edward encumbered the property in violation of the agreement, and a deed transferring two-thirds of Edward's interest to his children would be recorded if Edward failed to make the agreed gift transfers. In exchange for Edward's agreement to these terms, the parents agreed to transfer to Edward one-half of their interest in property they owned in Tustin and to release Edward from a financial obligation pertaining to another transaction.

In or around October 2004, the parents filed a motion to enforce the settlement agreement after discovering that Edward transferred his entire one-third interest in the Woodside property to his limited liability company, Hollow Echo, LLC (the Hollow Echo transfer). In December 2004, the trial court entered a judgment enforcing the 2004 settlement agreement. The

---

[3] Section 664.6 provides that when "parties to pending litigation stipulate . . . for settlement of the case, . . . the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

3

following March, the parents recorded the grant deed transferring Edward's interest in the Woodside property to the parents. In April 2005, the trial court voided the Hollow Echo transfer, finding, among other things, that the transfer was fraudulent and that it violated the 2004 settlement agreement.

In May 2005, a panel of this court dismissed Edward's appeal from the 2004 judgment. (*Hume v. Hume, supra*, A108674.) The court based its decision on the principle that a party who has accepted benefits under a judgment that he would not be entitled to in the event of a reversal is precluded from appealing its enforcement. (See *Epstein v. DeDomenico* (1990) 224 Cal.App.3d 1243, 1246.) This waiver rule applied to Edward, the court found, because he accepted a substantial interest in the Tustin property as part of his settlement with his parents. (*Hume v. Hume, supra*, A108674.)

In October 2006, another panel of this court decided an appeal from postjudgment orders. (*Hume v. Hume, supra*, A111424.) The parents appealed orders denying as untimely their motion for attorney's fees incurred to enforce the 2004 judgment, and Edward filed a cross-appeal from the April 2005 order voiding the Hollow Echo transfer. The Court of Appeal affirmed the challenged orders. (*Ibid*.)

## II. *Hume I*

Edward's father died in 2014. Approximately two years later, Edward discovered that Janet had listed the Woodside property for sale. In June 2017, Edward filed a motion to "compel enforcement" of the 2004 judgment by requiring Janet to record the grant deed transferring two-thirds of Edward's former interest in the property to his adult children. In his motion, Edward took the position that the 2004 judgment "elevated" the terms of the settlement agreement to the "status of Court orders," and that the trial court retained jurisdiction to enforce them against Janet. Edward claimed that

4

Janet had violated the settlement agreement by refusing to record the grant deed that Edward had delivered to her in 2004, which would have transferred two-thirds of Edward's former interest in the Woodside property to his children. He requested that the court exercise its retained jurisdiction to enforce the settlement agreement by ordering the property transfer, requiring an accounting, imposing a lien, and awarding him attorney's fees and costs.

In September 2017, the trial court denied Edward's motion to compel enforcement of the settlement agreement. The court confirmed that the settlement agreement was reduced to a judgment in December 2004, but found it was Edward who breached the agreement by transferring his interest in the Woodside property to his LLC without his parents' consent. The court found that Edward's breach triggered the parents' right to record the grant deed transferring Edward's interest to themselves; that Edward had been aware his breach resulted in the recording of the grant deed, divesting him of any interest in the Woodside property; and that Edward chose not to object for more than a decade. Under these circumstances, the court concluded that Janet had the absolute right to sell the Woodside property without any interference from Edward.

While Edward's appeal from the order denying his motion to compel enforcement was pending, Edward filed a trial court motion seeking to vacate the 2004 judgment. In his March 2018 motion, Edward argued that the judgment was void and subject to attack at any time because the trial court lacked jurisdiction to enforce the settlement agreement. According to this new argument, a provision in the settlement agreement stipulating that the court would retain jurisdiction over the parties pursuant to section 664.6 was ineffectual because the parties did not actually request that the court retain

5

jurisdiction until several months after their complaint and cross-complaint were dismissed. As authority for this argument, Edward relied on *Sayta v. Chu* (2017) 17 Cal.App.5th 960 (*Sayta*).

The trial court denied Edward's motion to vacate for two related reasons. First, it found that Edward was judicially estopped from suddenly taking the position that the 2004 judgment is void after previously invoking the "completely opposite position" that the court had jurisdiction to enforce the settlement agreement under section 664.6. Second, the court found that it had jurisdiction to enforce the settlement agreement under the doctrine of law of the case because the Court of Appeal had necessarily found that the court had jurisdiction by upholding the 2004 judgment and the 2005 postjudgment orders.

Edward appealed the order denying his motion to vacate, which was consolidated with his pending appeal from the order denying his motion to enforce the very same judgment. Another panel of this court affirmed both orders in *Hume I*.

In affirming the order denying Edward's motion to compel enforcement of the judgment, the *Hume I* court adopted the trial court's construction of the settlement agreement and its straightforward application of the settlement terms to the events that transpired. It concluded Edward had breached the settlement agreement in 2004, entitling his parents to invoke their contractual remedy to record the deed giving them full ownership of Woodside, and that the prophylactic gift deed to Edward's children thereafter became superfluous. Based on these facts, the *Hume I* court affirmed that Janet did not breach the settlement agreement by failing to record the superfluous deed.

6

The *Hume I* court also affirmed the order denying Edward's motion to vacate the 14-year-old judgment as void. Edward had based his motion on *Sayta, supra*, 17 Cal.App.5th 960, which was a direct appeal from an order denying a motion to enforce a settlement agreement pursuant to section 664.6. The Court of Appeal remanded that matter with directions to vacate the order as void. The *Sayta* court held that the trial court lacked jurisdiction to entertain the motion because the parties failed to request, prior to dismissal of their action, that the court retain jurisdiction to enforce their settlement agreement. (*Id*. at p. 962.)

The *Hume I* court found that *Sayta* was not dispositive. As a preliminary matter, the *Hume I* court articulated the view that a delay in asking the trial court to retain jurisdiction under section 664.6 would render a subsequent judgment voidable rather than void, an issue that was not addressed in *Sayta*. Ultimately though, the *Hume I* court deemed it unnecessary to decide whether the 2004 judgment was void or merely voidable.

The *Hume I* court found that because Edward filed his motion to vacate under Code of Civil Procedure section 473, subdivision (d), the dispositive question was whether the trial court abused its discretion by denying Edward's motion. (Citing e.g. *Nixon Peabody LLP v. Superior Cour*t (2014) 230 Cal.App.4th 818, 822 [holding that "even if the trial court determines the order or judgment was void, it still retains discretion to set the order aside or allow it to stand"].) The trial court did not abuse its discretion, the *Hume I* court found, in light of the following facts: Edward accepted the benefits of the 2004 settlement agreement; he soon breached his obligations under that agreement; more than 10 years later, he filed a motion requesting that the trial court "exercise its continuing jurisdiction under section 664.6 to 'enforce'

7

his novel interpretation of the 2004 judgment under which his parents, not he, breached the settlement in 2005"; and, after Edward's motion was denied, he "turned around and argued for the first time that the very same judgment was void all along because the court *never had jurisdiction to* enter it."

The *Hume I* court concluded that the trial court acted within its discretion by applying the doctrine of judicial estoppel to prevent Edward from disputing the validity of the 2004 judgment after he invoked that very judgment as the basis for engaging in protracted litigation against his parents. (Citing *Jackson v. County of Lost Angeles* (1997) 60 Cal.App.4th 171, 181 (*Jackson*); *Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 957.) As the *Hume I* court put it, the trial court's "refusal to allow Edward to conscript the judicial system in his seemingly unending game of 'gotcha' was an appropriate exercise of discretion. . . . There is no conceivable way the court's decision exceeded the bounds of reason or resulted in a miscarriage of justice."[4]

## III. The Present Appeal

In December 2019, Janet filed a motion for an award of attorney's fees and costs that she incurred defending against Edward's 2017 motion to compel enforcement of the 2004 judgment and Edward's 2018 motion to vacate the 2004 judgment, including Edward's *Hume I* appeals.[5] In February

---

[4] Janet's November 19, 2021, motion for judicial notice seeks judicial notice of Edward's appellate brief in *Hume I* as proof that Edward took inconsistent positions regarding the validity of the 2004 judgment. This request is denied because the material is not relevant to any disputed issue. For the same reason, we deny Janet's request for judicial notice of a 2019 grant deed transferring the Woodside property to a third party.

[5] We grant Janet's September 22, 2021, motion to augment the record with documents pertaining to her motion for attorney's fees that were filed in the trial court but not included in the Clerk's Transcript. Respondent's

8

2020, Edward filed a motion to quash service of Janet's motion or in the alternative to dismiss it for lack of jurisdiction. Edward argued that the court did not have "fundamental, or subject matter, jurisdiction" over him because this entire action was dismissed in July 2004.

On February 27, 2020, the trial court denied Edward's motion to quash or dismiss the attorney's fees motion. The court found that when the *Hume I* court affirmed the order denying Edward's motion to vacate the 2004 judgment for lack of jurisdiction, the Court of Appeal necessarily considered and rejected Edward's "no jurisdiction" argument. Therefore, the court found, the determination by the Court of Appeal that the trial court had jurisdiction after the dismissal of the underlying action was entered is now law of the case.[6]

On October 9, 2020, the trial court granted Janet's motion for attorney's fees in the amount of $167,044. The court found that declarations from Janet's counsel were sufficient to show that the number of hours spent on the matters and the hourly rates for that work are reasonable. Moreover, the court observed, Edward did not file "any evidence contesting the amounts requested."

In December 2020, Edward filed the present appeal from the attorney's fee order and the order denying his motion to quash (the fee orders). Janet has filed a motion to dismiss this appeal on the ground that it is frivolous.

Appendix containing these documents is incorporated into the record on appeal.

[6] Edward filed a premature appeal from the order denying his motion to quash, which was dismissed on the ground that the order was not final and that any "appellate challenge to the denial of Edward's motion . . . must await adjudication of the fee motion." (*Hume v. Hume, supra*, A160202.)

9

Edward opposes the motion to dismiss and has filed his own motion for "summary reversal" of the fees orders, which Janet opposes. Having deferred ruling on these motions, we now deny them and resolve this appeal on the merits.[7]

## DISCUSSION

Edward contends the fee orders must be reversed for lack of jurisdiction because the 2004 judgment is void. Under the law of the case, we reject this contention, which is the sole ground upon which Edward prosecutes the present appeal.

*Hume I* holds that the doctrine of judicial estoppel bars Edward from challenging the validity of the 2004 judgment. "The doctrine of judicial estoppel, sometimes called the doctrine of ' " 'preclusion of inconsistent positions' " ' [citation], ' " 'precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. [Citations.] The doctrine's dual goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair strategies.' " ' " (*Blix Street Records, Inc. v. Cassidy* (2010) 191 Cal.App.4th 39, 47 [applying judicial estoppel to preclude party from disputing enforceability of a settlement agreement].) Judicial estoppel differs from equitable estoppel in that " '[t]he gravamen of judicial estoppel is not privity, reliance, or prejudice. Rather, it is the intentional assertion of an inconsistent position that perverts the judicial machinery.' " (*Jackson, supra,* 60 Cal.App.4th at p. 183.)

---

[7] Janet's September 22, 2021, motion for judicial notice of various documents purportedly showing that Edward has a history of abusing the judicial process is denied. The material is not relevant to a disputed issue in this appeal.

The holding in *Hume I* that judicial estoppel precludes Edward from seeking to vacate the 2004 judgment applies with equal force here pursuant to the doctrine of law of the case. Under this doctrine, " ' "[t]he decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." ' [Citation.] The doctrine 'precludes a party from obtaining appellate review of the same issue more than once in a single action.' " (*Dickinson v. Cosby*, *supra*, 37 Cal.App.5th at p. 1153.)

The law of the case doctrine is applied properly in a case such as this one to preclude "relitigation of an appellate decision that a court has jurisdiction." (*Findleton v. Coyote Valley Band of Pomo Indians* (2018) 27 Cal.App.5th 565, 571 (*Findleton*) [Indian tribe barred by law of the case from contesting court's jurisdiction to award attorney's fees to opposing litigant]; see also *Water Replenishment Dist. of Southern California v. City of Cerritos* (2012) 202 Cal.App.4th 1063, 1066.) Moreover "application of law of the case extends to issues both expressly and implicitly decided that were essential to the decision of the prior appeal." (*People v. Goodner* (1992) 7 Cal.App.4th 1324, 1335, citing *Olson v. Cory* (1983) 35 Cal.3d 390, 399.)

Courts may decline to apply the doctrine where its application would result in an "unjust decision." (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491.) The unjust decision exception has been invoked where there was a manifest misapplication of existing principles that resulted in "substantial injustice," and where an intervening decision altered or clarified a controlling rule of law. (*Id.* at pp. 491–492) However, "[t]he unjust decision exception does not apply when there is a mere disagreement with the prior appellate determination." (*Id.* at p. 492.) Because Edward has not attempted to invoke

11

the unjust decision exception, he forfeits any claim that the exception applies in this appeal. (*Findleton*, *supra*, 27 Cal.App.5th at p. 569.)

There is authority that the law of the case doctrine applies only if the prior decision became a final judgment. (*Crossroads Investors*, *L.P. v. Federal National Mortgage Assn.* (2017) 13 Cal.App.5th 757, 773.) Here, Edward filed a petition for review of the *Hume I* decision, which the California Supreme Court denied on November 13, 2019. Thus, *Hume I* is a final decision and the court's holding that Edward is subject to a judicial estoppel is the law of the case.

Edward argues that the law of the case doctrine cannot be applied in this appeal because *Hume I* did not actually decide that the trial court had "fundamental jurisdiction" to adjudicate disputes in this action. Edward reasons that because the *Hume I* court did not decide whether the 2004 judgment is void or voidable, it could not have decided that the trial court had jurisdiction to rule on his motions.

The distinction between void and voidable judgments is important in some cases. When a court lacks fundamental jurisdiction, the resulting judgment is void and "subject to direct or collateral attack at any time." (*Grados v. Shiau* (2021) 63 Cal.App.5th 1042, 1050–1051.) By contrast, a voidable judgment—the result of a court acting merely in excess of it jurisdiction—remains "valid until it is set aside as void." (*Ibid.*) A voidable judgment is not " 'subject to collateral attack once the judgment is final unless "unusual circumstances were present which prevented an earlier and more appropriate attack." ' " (*Ibid.*)

The distinction between void and voidable judgments is not important in this case, however, since that was not the dispositive issue in *Hume I*. We agree with Edward that the *Hume I* court did not reject his argument that

the 2004 judgment is void. Instead, it entertained the possibility that the parties' delay in complying with section 664.6 rendered the judgment voidable rather than void; it expressed concern that a rule rendering such judgments void would "wreak havoc on the settled expectations of unwary parties;" but it then stopped short of actually deciding the issue. Instead, *Hume I* affirmed the trial court's conclusion that Edward is judicially estopped from moving to vacate the 2004 judgment, and on that basis upheld the validity of the judgment without having to decide whether delayed compliance with section 664.6 renders a resulting judgment void or merely voidable. It is this judicial estoppel ruling by the *Hume I* court to which we apply the law of the case doctrine. The fact that the *Hume I* court did not explicitly reject Edward's argument that the 2004 judgment should be deemed void does not preclude application of the law of the case doctrine with regard to the issue the *Hume I* court considered dispositive.

Edward peppers this court with out-of-context quotations authorizing attacks on void judgments at any time. (Citing e.g. *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1229 [default child support judgment was void due to failure of service of process]; *Andrews v. Superior Court* (1946) 29 Cal.2d 208, 214–215 [police court created by city charter did not have subject matter jurisdiction to enter judgment against appellant for violating juvenile court law].)

Notably, Edward does not cite any case with a procedural posture that is at all analogous to the present case, where the parties in a civil action (1) expressly agreed that the court would retain jurisdiction over their settlement, (2) made a delayed request that the court confirm their settlement agreement, which was granted, and then (3) continued to litigate disputes arising out of the agreement for almost 20 years. In any event, the

13

issue presented by the present appeal is not whether the 2004 judgment is void but whether Edward may relitigate that matter in this court. Edward may not use this appeal to relitigate his claim that the 2004 judgment should be declared void because, as we have explained, the law of the case doctrine precludes Edward from invoking the judicial process to set aside the 2004 judgment.

Finally, we turn to the fee orders that are the subject of this appeal. "Generally, the amount of statutory or contractual attorney fees to be awarded is a matter within the trial court's discretion, which we review for an abuse of discretion. But the determination of the legal basis for an attorney fees award is a question of law, which we review de novo." (*Tabarrejo v. Superior Court* (2014) 232 Cal.App.4th 849, 869.)

Under our de novo review, we conclude that Janet is entitled to an award of attorney's fees. The settlement agreement contains a provision stating that "[t]he prevailing party in any legal proceeding arising out of this Agreement shall be entitled to recover its reasonable attorneys' fees." This settlement agreement, which is incorporated into the 2004 judgment, establishes the legal basis for the fee award to Janet since Edward is barred by judicial estoppel and law of the case from moving to set aside the judgment.

Further, we find no abuse of discretion regarding the amount of the attorney's fees award. The trial court found that the fees requested by Janet were reasonable and noted that Edward did not "file[] any evidence contesting the amount requested." Although Edward invokes this court's jurisdiction to entertain his appeal from the fee orders, he does not contend that the amount of the award is unreasonable, thus waiving any such claim. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

14

## DISPOSITION

We affirm the orders denying Edward's motion to quash—and then granting—Janet's motion for attorney's fees.  Costs on appeal are awarded to Janet.

TUCHER, P.J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.

*Hume v. Hume* (A161616)

15