Filed 8/19/24  Nguyen v. Czygan CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA


| | |
|---|---|
| TRANG DUY NGUYEN et al., <br><br> Plaintiffs, Cross-defendants and Appellants, <br><br> v. <br><br> NICOLE CZYGAN, <br><br> Defendant, Cross-complainant and Respondent. | D081475 <br> D082336 <br><br><br> (Super. Ct. Nos.: <br> 37-2017-00026815-CU-OR-CTL; <br> 37-2021-0029814-CU-BC-CTL) |


APPEAL from orders of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Decker Law, James D. Decker and Griffin R. Schindler, for Plaintiffs, Cross-defendants and Appellants.

Bryner Crosby and M. Candice Bryner Crosby, for Defendant, Cross-complainant and Respondent.

Trang Duy Nguyen (Nguyen) and Yen Tuong (collectively, Appellants) appeal from an order granting a motion to enforce a settlement agreement and an order denying a motion to set aside the enforcement order and vacating a prior dismissal order nunc pro tunc.  They assert the trial court

did not have jurisdiction to enforce the settlement agreement because the underlying case had already been dismissed; the trial court did not retain jurisdiction under Code of Civil Procedure section 664.6[1] before the dismissal; and the trial court did not have authority to vacate the prior dismissal nunc pro tunc. They assert further, even if the trial court did have jurisdiction, it erred in interpreting and enforcing the settlement agreement. We find no error and affirm each of the orders.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The present litigation arises out of a dispute between Appellants, a married couple, and Nguyen's adult daughter, Nicole Czygan, over a single family residence in San Diego. Appellants filed a complaint against Czygan in 2017, and Czygan responded with a cross-complaint (the 2017 matter).

According to Appellants, Nguyen purchased the property in 1993 and has lived there ever since. Beginning in 1997, Czygan assisted Nguyen with his finances and in 1998, at Czygan's urging, Nguyen borrowed $160,000 against the property as a loan to his former wife, Czygan's mother. Nguyen filed for bankruptcy in 1999, and thereafter missed payments on the mortgage, allegedly due to misinformation from Czygan. The mortgage company filed a notice of default in 2003. When Nguyen became engaged to Tuong in 2005, Czygan did not approve and became angry. For years after, Czygan made false statements and manipulated Nguyen, forcing him to pay her to live in his own home. Appellants asserted causes of action for elder and financial abuse, fraud, and quiet title, among others, against Czygan.

Czygan alleged that she tried to help Nguyen throughout her adult life, but Nguyen was financially irresponsible and physically and mentally

---

[1]     Further unspecified statutory references are to the Code of Civil Procedure.

2

abusive. Nguyen did not tell Czygan about the loan he took out in 1998. She only found out when Nguyen defaulted and asked Czygan for help, fearing that he would have no place to live. Nguyen agreed to execute a quit claim deed transferring the property to Czygan so she could use her good credit to obtain better financing. Nguyen agreed to pay the mortgage amount to Czygan each month as rent but failed to do so. Czygan told Nguyen he needed to make the payments or she would have to sell the property to pay back the loan. She agreed to transfer the property back to Nguyen if he could pay back the mortgage, but he was unable to obtain his own financing. Appellants continued to live at the property, and collect rent from other tenants, but did not pay Czygan. When Czygan served them with notice to vacate the property, Appellants filed the aforementioned complaint against her.

The parties entered into a settlement agreement and mutual release of claims in June 2019. Per the agreement, Appellants had 120 days to obtain a reverse mortgage, which would purportedly allow them to pay Czygan back and live in the home for the remainder of their lives. If Appellants were unable to obtain the reverse mortgage in the allotted time, Czygan would have the power to sell the property, and return the net proceeds, minus the amount owed to her, to Nguyen.

Appellants filed a "Notice of Settlement of Entire Case" with the trial court on October 10, 2019. They checked the box indicating the settlement was conditional and stated they would file a request for dismissal by December 1, 2019. The trial court clerk filed a notice of dismissal the same day, indicating the case would be deemed dismissed without prejudice on November 23, 2019, unless the parties filed a judgment of dismissal or appeared ex parte to show good cause why the case should not be dismissed.

3

The trial court issued a second notice of dismissal on November 14, 2019, with a revised dismissal date of December 23, 2019.

On December 6, 2019, Appellants filed an ex parte application asking the court to order Czygan to sign documents "necessary to complete the terms of the settlement." They also asked the court to enforce the settlement and continue the date of dismissal. Appellants attached a copy of the settlement agreement as an exhibit and asked the court to order Czygan to comply with their interpretation. The trial court, the honorable Judge Richard S. Whitney presiding, denied the request in part via written minute order on December 18, 2019. The court stated, "Counsel are encouraged to attempt to meet with the settlement mediator to try to work out the issues." The court stayed all terms of the settlement agreement, except that Appellants remained responsible for paying the monthly mortgage and fees. The court set a status conference for February 21, 2020, and extended the dismissal date to February 24, 2020.

On February 21, 2020, the court issued an unsigned minute order stating, "Status Conference (Civil) is continued pursuant to stipulation to 04/06/2020 at 02:00PM before Judge Richard S. Whitney." The order did not address the dismissal date. On March 4, 2020, the court issued an unsigned minute order stating, "The Court orders the entire action dismissed without prejudice. The Court was previously notified that this case has settled." Neither party filed anything in response.

Nguyen filed a second complaint against Czygan in July 2021, asserting similar causes of action as the previous complaint, and Czygan filed a similar cross-complaint in response (the 2021 matter). In March 2022, Czygan filed a motion to enforce the settlement agreement from the 2017 matter in the new 2021 matter. The trial court in the 2021 matter ordered

4

Czygan to file a notice of related case, and, in May, Judge Whitney issued an order consolidating the two cases under the 2017 case number.

That December, Judge Whitney granted Czygan's motion to enforce the settlement agreement, pursuant to section 664.6. Appellants filed a timely notice of appeal and filed a motion to set aside the enforcement order. They asserted the trial court did not have jurisdiction because the parties had not expressly requested that the court retain jurisdiction under section 664.6 before the court dismissed the case.

Judge Whitney agreed that the court "lacked jurisdiction to enter the [enforcement] order after a dismissal was entered." However, he found that the dismissal was entered due to a clerical error. He vacated the dismissal nun pro tunc "to avoid injustice," and denied Appellants' motion to set aside the enforcement order. Appellants filed a timely notice of appeal from that order as well, and this court consolidated the two appeals.

## II.  DISCUSSION

Appellants maintain the trial court did not have jurisdiction to enforce the settlement agreement absent a request by the parties that it retain such jurisdiction *before* the dismissal. They contend further that the dismissal was not actually a clerical error, and therefore the trial court did not have authority to vacate it nunc pro tunc. To the extent we conclude the trial court did have authority to vacate the dismissal and enforce the settlement agreement, they argue the trial court erred in interpreting the agreement. As we explain, we find no error in any of the trial court's rulings.

### A.  The Trial Court Had Authority to Vacate the Dismissal and Enter an Enforcement Order Under Section 664.6

Section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon

5

motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." Courts have interpreted the clause "[i]f requested by the parties," to require that the request "be made (1) during the pendency of the case, not after the case has been dismissed in its entirety, (2) by the parties themselves, and (3) either in a writing signed by the parties or orally before the court." (*Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 440.) Including the language in the settlement agreement itself is not enough; the parties must affirmatively *ask* the court to retain jurisdiction. (*Sayta v. Chu* (2017) 17 Cal.App.5th 960, 967.)

Appellants assert that, here, although the settlement agreement contained language indicating the parties agreed the trial court would retain jurisdiction under section 664.6, neither party asked the trial court to do so *before* the 2017 matter was dismissed. Czygan asserts that Appellants included a copy of the settlement agreement in their ex parte motion to enforce the settlement and continue the dismissal date, filed on December 6, 2019, and neither party asserted the trial court did not have jurisdiction at that time. Although she acknowledges that it is a question of first impression, Czygan argues the filing of the settlement agreement with language pertaining to section 664.6 as an exhibit to the ex parte motion to enforce the same agreement is sufficient to constitute a written "request" requirement. We need not decide that issue here, though, because, as we explain next, we find no error in the trial court's decision to vacate the dismissal nunc pro tunc and, thus, the matter was still pending when Czygan asked the court to enforce the settlement agreement.

Appellants assert the trial court did not have authority to vacate the dismissal because, despite the trial court's statements on the record, the error was not actually clerical in nature. We disagree. Section 473, subdivision (d) provides, in relevant part: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed." An error is clerical, under section 473 if it "is the result of inadvertence, but for which a different judgment would have been rendered." (*McLellan v. McLellan* (1972) 23 Cal.App.3d 343, 358 (*McLellan*).) "It is primarily for the trial court to determine whether the error was an inadvertence, and its conclusion as to this issue will not lightly be set aside." (*Ibid*.)

Here, Judge Whitney presided over the original proceedings in the 2017 matter, and explained, in his order vacating the dismissal:

> "The case was erroneously dismissed on March 4, 2020, notwithstanding the fact the status conference was continued to April 6, 2020. This was a clerical error, not a judicial decision. The Court, as a result of this error, did not consider whether the dismissal date should be extended under California Rules of Court, Rule 3.1385, which it could have and should have done at the scheduled status conference given its awareness of the ongoing issues."

Despite Judge Whitney's express statement to the contrary, Appellants insist the error could not have been clerical, because dismissal was mandatory under California Rules of Court, rule 3.1385. Rule 3.1385, subdivision (c) addresses conditional settlements, and provides: "If the settlement agreement conditions dismissal of the entire case on the satisfactory completion of specified terms that are not to be performed within 45 days of the settlement, including payment in installment payments, the notice of conditional settlement served and filed by each plaintiff or other

7

party seeking affirmative relief must specify the date by which the dismissal is to be filed." (Cal. Rules of Court, Rule 3.1385, subd. (c)(1).) In addition: "If the plaintiff or other party required to serve and file a request for dismissal within 45 days after the dismissal date specified in the notice does not do so, the court must dismiss the entire case unless good cause is shown why the case should not be dismissed." (*Id.*, subd. (c)(2).)

Here, the parties indicated the settlement was conditional and specified December 1, 2019 as the date by which dismissal was to be filed. However, the parties were unable to finalize the agreement by that date. On December 6, *before* the case was dismissed, Appellants asked the court to continue the dismissal date. The court agreed to do so, set a status conference for February 21, 2020, and extended the dismissal date to February 24, 2020. Per stipulation of the parties, the court then moved the status conference to April 6, 2020, but, as Judge Whitney explained, he neglected to extend the dismissal date again, and the case was inadvertently dismissed on March 4. Appellants argue no good cause was shown as to why the matter should not be dismissed, but that is simply because the court agreed to move the status conference but failed to address the extension of the dismissal date. It is evident from the record that the terms had not yet been performed and, indeed, the last direction from the court was that they continue to try to work it out. Had there been an additional status conference, the parties would have had an opportunity to demonstrate good cause to extend the dismissal date further, or to ask the court to retain jurisdiction under section 664.6.

Moreover, as the trial court also noted, vacating the dismissal avoided an injustice, avoided unnecessary litigation costs, and promoted judicial economy. (See *Mather v. Mather* (1943) 22 Cal.2d 713, 719 ["preservation of the legitimate fruits of the litigation which would otherwise be lost to the

8

prevailing party" is an appropriate basis for a nunc pro tunc order]; *Hess v. Gross* (1943) 56 Cal.App.2d 529, 531 [trial court may enter a nun pro tunc order to preserve the rights of litigants].)  Accordingly, we find no error in the trial court vacating the dismissal nun pro tunc.

## B.     The Trial Court Did Not Err in Enforcing the Settlement

To the extent we conclude, as we do, that the trial court had authority to vacate the dismissal and thus had jurisdiction to enforce the settlement agreement, Appellants assert the trial court erred in interpreting the agreement.  Again, we disagree.

The express language of the settlement agreement gave Appellants 120 days to obtain the contemplated reverse mortgage and stated that failure to do so "is a material breach," giving Czygan the right to sell the property. Appellants do not dispute that they failed to obtain the reverse mortgage in the allotted time.  Rather, they assert, as they did in the trial court, that Czygan had an obligation to assist them and, instead, prevented them from performing by refusing to sign certain documents, including, most notably, a transfer-of-interest document.

Addressing this same assertion, the trial court explained:

> "While Plaintiffs assert the settlement agreement contemplates that Czygan would sign documents, permit disclosure of her private information, and/or to assist [Appellants] complete the process to obtain a Reverse Mortgage, such interpretation relies on general language. More importantly, if [Appellants'] interpretation were accepted, it would contradict more specific language in the settlement agreement. [¶]  The parties agreed '[Czygan] has no obligation to obtain or assist Trang and Yen in obtaining the Reverse Mortgage.'  While this statement is preceded by the qualifier 'other than the obligations expressly stated herein,' [Appellants] cannot point to any obligations that are 'expressly' stated

9

regarding efforts to assist in obtaining a Reverse
Mortgage."

Appellants do not point to any specific obligations on appeal, and we find no error in the trial court's reasoning.

As the trial court also pointed out, the settlement agreement originally included a statement that "[Czygan] does not know whether it is possible to obtain the Reverse Mortgage with such terms, but will work diligently to obtain such terms." The parties crossed this line out and each initialed beside it, suggesting that Czygan did *not* agree to work diligently to assist Appellants in obtaining the reverse mortgage. The dispute the parties intended to settle was primarily over right and title to the property, and the parties certainly could have included express language concerning any title documents Czygan agreed to sign if they had, indeed, made such an agreement. They did not.

Appellants assert that *Taylor v. Sapritch* (1940) 38 Cal.App.2d 478 is instructive but it is not. There, the bank inadvertently sent escrow documents to the respondents, who "refused to deposit them into escrow." (*Id*. at p. 481.) The court found that respondents prevented appellant from performing under the agreement, excusing the breach. (*Ibid*.) Czygan did no such thing in the present case. As noted, the agreement does not confer any obligation on Czygan to execute documents not expressly contemplated therein, most certainly not a transfer-of-interest in the very property at issue.

For the foregoing reasons, we find no error in the trial court's orders vacating the prior dismissal; enforcing the settlement agreement; and denying Appellants' motion to set aside the enforcement order.

10

### III. DISPOSITION

The orders are affirmed.  Respondent is awarded costs on appeal.


KELETY, J.

WE CONCUR:


IRION, Acting P. J.


BUCHANAN, J.

11