Filed 3/9/26  Zeng v. Wang CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| YING MAGGIE ZENG,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALBERT WANG,<br><br>        Defendant and Appellant. | A171959<br><br><br>(Sonoma County<br>Super. Ct. No. SFL-089930) |

Defendant Albert Wang appeals from an order denying his motion for sanctions under Code of Civil Procedure section 128.7.[1]  Wang sought sanctions based on the allegation that counsel for plaintiff Ying Maggie Zeng, respondent and real party in interest Johanna Beth Kleppe, forged a court order.  We conclude that Wang has not established an abuse of discretion and affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

### A.  Earlier Proceedings[2]

Wang and Zeng's marriage was dissolved in 2013 in Orange County Superior Court.  In 2021, Zeng sought a change of venue to Sonoma County,

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] We summarize the prelude to this appeal based on our summary of the facts in one of Wang's earlier appeals.  (*Zeng v. Wang* (Mar. 28, 2024

where she was living with the parties' daughter. The Orange County Superior Court transferred the case and ordered Kleppe to cause the following documents to be sealed in the Sonoma County court: " 'State of California Health and Welfare Agency Department of Social Services Investigation Information, and accompanying documents attached as Exhibit L to Petitioner's July 2, 2021 Request for Order . . . [and] . . . Kaiser Permanente Medical Records attached as Exhibit B to Petitioner's July 2, 2021 Request for Order.' " The Orange County court directed Kleppe to " 'take care of sealing the documents that were stated on the record as soon as the case gets transferred to Sonoma County.' "

Pending completion of the transfer, Zeng filed another proceeding in Sonoma County Superior Court to obtain a domestic violence restraining order (DVRO) against Wang. (Fam. Code, § 6200 et seq.) In March 2022, the trial court issued a two-year DVRO with custody and visitation orders.

On October 21, 2022, roughly 10 months after the transfer to Sonoma County was complete, the Sonoma County trial court entered an order sealing records identified in and pursuant to the Orange County order.

Ten days later, Wang sought monetary sanctions against Kleppe under section 177.5, claiming that Kleppe had not made good faith efforts to comply with the Orange County order. Among other things, he complained that Kleppe sought the sealing order late, only asked the trial court to seal two exhibits, and filed additional confidential records without sealing them.

Kleppe filed a responsive declaration on November 29, 2022, explaining her delay in complying with the Orange County order. She further asserted

A168238) [nonpub. opn.].) Zeng moved for judicial notice of our opinion in case No. A168238 and we deferred our ruling until our consideration of the merits. We now grant the unopposed motion.

2

that on October 10, 2022, she sought and obtained the October 21, 2022 sealing order and tried to resolve Wang's concerns.

After a hearing in December 2022, the trial court denied Wang's request for sanctions, noting that the " 'Court does not find Counsel Kleppe's behavior to be willful or malicious.' " Wang appealed.

We affirmed the order denying sanctions under section 177.5. We also addressed Wang's belated accusation that Kleppe forged the Sonoma County trial court's sealing order of October 21, 2022 and submitted that forged order to the Orange County and Sonoma County courts in November 2022 to obtain the sealing of more documents than the true October 21 order authorized. Specifically, he contended that the real October 21 order, which both identified the documents to be sealed and stated that the " 'records to be sealed are attached as ATTACHMENT 1,' " lists only two exhibits to be sealed. An allegedly "fake" order, accompanying Kleppe's Declaration in Support of Order to Seal Documents dated November 28, 2022 in the Orange County Superior Court, lists three exhibits to be sealed in Attachment 1, including an Exhibit Q (medical records). Another allegedly fake order, which accompanied Kleppe's Declaration in Support of Order to Seal Documents dated November 28, 2022 in Sonoma County Superior Court, lists *10* exhibits in Attachment 1.

We concluded that Wang's argument about Kleppe's purported forgery of a court order, which was not raised until his reply brief, did not compel reversal of the order from which he appealed. We were nonetheless concerned that each Kleppe declaration purporting to attach the same October 21, 2022 order contained a *different* Attachment 1 to that order. Kleppe provided *no* explanation for the discrepancy in her respondent's brief. We therefore stated: "Because of the potential seriousness of this matter,

3

because it arose after Father filed his October 31, 2022 Request for Order, and because the trial court may not have had a meaningful opportunity to examine it, our affirmance of the December 2022 order does not preclude the court from considering, on its own motion after the remittitur (1) whether Kleppe accurately represented the October 21, 2022 order in her declarations and (2) whether all the documents that should be sealed in the trial court have, in fact, been ordered sealed. And we strongly suggest that the court do so." In a footnote, we added: "In any event, our decision today does not preclude [Wang] from raising these two issues with the trial court again."

B. <u>Proceedings After Remittitur</u>

In April 2024, Wang requested an order sanctioning Kleppe under section 128.7 and referring her to the California State Bar based on the declarations she filed in late November 2022. Specifically, he asked the trial court to (1) consider whether Kleppe accurately represented the October 21, 2022 order in her declarations, (2) determine whether all the documents that should be sealed have actually been sealed, (3) impose monetary sanctions, (4) order Kleppe to review court filings and file a motion to seal all of the daughter's confidential information, and (5) refer Kleppe to the State Bar for misconduct.

Kleppe filed a responsive declaration on May 2, 2024. The declaration does not appear in the clerk's transcript in this appeal. Wang does not cite to the declaration, and the page Zeng cites from the clerk's transcript merely notes the filing of the declaration as a line item in the trial court's case summary. There is also no active link to the declaration itself.

The trial court heard Wang's request on May 15, 2024. No transcript of the hearing appears in the appellate record. In its minute order dated May 17, 2024, the court stated that it did "not find any willful intention from

4

Counsel Kleppe regarding her filing of the documents placed under seal" and denied Wang's request for monetary sanctions and referral of Kleppe to the State Bar. Kleppe was directed to prepare the formal order but no such order appears in the record. Wang filed a timely appeal from the minute order.

## II. DISCUSSION

### A. Appealability

Zeng contends that Wang's opening brief should be stricken because it does not address the appealability of the May 17, 2024 minute order. (See Cal. Rules of Court, rule 8.204(a)(2)(B) [requiring appealability statement in opening brief].) We decline to strike Wang's brief. (*Id.*, rule 8.204(e)(2)(C).)

Zeng next contends that the minute order is not appealable. She points out that, while section 904.1, subdivision (a)(11), allows an appeal from an order imposing monetary sanctions over $5,000, it does not authorize an appeal from an order *denying* a motion for monetary sanctions. Further, Zeng argues that the order is not appealable as a postjudgment order (§ 904.1, subds. (a)(2) & (b)) because it does not affect the judgment or relate to the judgment's enforcement. For this proposition, she relies on *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*).)

We are not persuaded. Wang appealed from a minute order, apparently because Zeng failed to present a formal order as the trial court had directed. The minute order constitutes a postjudgment order that disposes finally of Wang's motion and is therefore appealable. (*In re Marriage of Dupre* (2005) 127 Cal.App.4th 1517, 1525 [minute order denying sanctions is appealable under section 904.1, subdivision (a)(2)].) As *Lakin* explains, the rule that a postjudgment order must affect the judgment or relate to its enforcement is only intended to exclude review of orders that lack finality because they are preliminary to a later judgment. (*Lakin, supra*, 6

5

Cal.4th at p. 653.) Zeng does not show how this rule applies here. Nor does Zeng explain how Wang would obtain appellate review of the order if not by this appeal. She also provides no authority holding that the postjudgment denial of sanctions in an ongoing family law proceeding is not appealable. We therefore turn to the merits.

B. <u>Section 128.7</u>

Section 128.7 provides that an attorney, by filing certain documents in the trial court, represents that those documents are not presented primarily for an improper purpose, that the claims therein are warranted by existing law or nonfrivolous argument in support of a change in the law, that the claims have evidentiary support, and that the factual contentions are warranted from the evidence or reasonably based on a lack of information or belief. (§ 128.7, subd. (b).) If the court determines otherwise, it may sanction the attorney. (*Id.*, subd. (c).)

We assume for purposes of argument that section 128.7 applies to a declaration of the sort Kleppe filed on November 28, 2022. We thus review the trial court's denial of Wang's motion for abuse of discretion. (*Kojababian v. Genuine Home Loans, Inc.* (2009) 174 Cal.App.4th 408, 420–421.) In so doing, we presume that the order is correct and indulge all intendments and presumptions to support it on matters as to which the record is silent. (*Sayta v. Chu* (2017) 17 Cal.App.5th 960, 963, fn. 3.) Wang must affirmatively demonstrate error. (*Ibid.*)

Wang fails to establish an abuse of discretion. He contends that the trial court failed to consider " 'whether Kleppe accurately represented the October 21, 2022 order in her declarations.' " But the record is silent as to whether the court decided if Kleppe's declarations were misrepresentations.

6

We therefore must presume that the court considered what it was supposed to consider.

More broadly, Wang insists that the trial court erred by not granting the relief he requested. He urges that the record clearly shows that Kleppe's two declarations each purport to attach the same October 21, 2022 order but with a different Attachment 1 – one of which lists documents beyond what the court had ordered to be sealed – and that this constitutes criminal forgery and a violation of an attorney's ethical rules.

But Wang fails to address, or even include in the record, Kleppe's declaration that explains her version of what occurred. Nor has he provided a transcript or other record of the hearing. It is therefore unclear what the trial court considered and why it ruled as it did. In the absence of a record of an oral proceeding, we presume that the trial court acted properly and the record supports the order. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 576.) In short, based on the briefs and record that Wang has provided, Wang has not affirmatively established that the court erred. On that basis, we affirm the order. (*Ibid*.)

Moreover, on our own motion, we have augmented the appellate record to include a copy of Kleppe's declaration that we obtained from the trial court. (Cal. Rules of Court, rule 8.155(a)(1)(A).) In her declaration, Kleppe recounts the history of events, explains what happened from her perspective, and takes responsibility but denies any intent to deceive. In light of this evidence, we again conclude that Wang has not demonstrated an abuse of discretion in denying relief under section 128.7.

## III.  <u>DISPOSITION</u>

The order is affirmed.

CHOU, J.

WE CONCUR.

JACKSON, P. J.
BURNS, J.