Filed 1/31/23 Mintz v. Law Offices of David R. Denis CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ERIC MINTZ, Plaintiff and Respondent, v. LAW OFFICES OF DAVID R. DENIS et al., Defendants and Appellants. | B311568 (Los Angeles County Super. Ct. No. BC704715) |

Appeal from judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge. Affirmed.

Law Offices of David R. Denis, David R. Denis and Armando M. Galvan for Defendants and Appellants.

Eric Mintz, in pro. per, for Plaintiff and Respondent.

———————————————

Appellants Law Offices of David R. Denis, P.C. (LODD) and David R. Denis (collectively, LODD appellants) appeal from the trial court's January 8, 2021 judgment entered in favor of respondent Eric Mintz (Mintz), following the court's November 4, 2020 order vacating dismissal of Mintz's complaint.  LODD appellants' only contention is that the trial court abused its discretion in vacating the dismissal.  Because we conclude that the trial court did not abuse its discretion, we affirm the judgment.

## FACTUAL SUMMARY AND PROCEDURAL HISTORY[1]

This appeal arises out of an employment dispute between LODD appellants and Mintz, an attorney who previously worked for LODD.  On May 1, 2018, Mintz filed a complaint alleging, inter alia, that LODD appellants had misclassified him as an independent contractor.  LODD appellants filed a cross-complaint on November 13, 2018, asserting 12 causes of action against Mintz, including breach of contract, conversion, and legal malpractice.  The parties litigated their claims for nearly a year and a half, during which the trial court imposed monetary sanctions against LODD several times for discovery violations. LODD appellants do not dispute that LODD has not paid in full the amounts due to Mintz pursuant to the sanctions orders. Attorney Aryeh Leichter (Leichter) represented Mintz throughout the litigation.

On October 17, 2019, at a mandatory settlement conference before the Honorable James R. Dunn, the parties reached a settlement.  They memorialized their agreement in a three-page

---

[1] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

document titled "stipulation re[garding] settlement" (the October 2019 stipulation) drafted on a form stipulation. The handwritten portion of the October 2019 stipulation provides, in relevant part, that the parties "[a]gree to resolve the entire case/matter for $16,000.00. [LODD] agrees to pay [Mintz] $16,000.00 to resolve both the complaint and cross-complaints. [Mintz] is to execute a satisfaction of judgment for any judgment satisfied by levy or any other means forthwith. [LODD] to pay funds within 10 business days." In addition, the parties left intact the printed form language in the stipulation, including, as relevant here, the following provisions: "The parties agree the court may dismiss the case without prejudice. The court is requested to retain jurisdiction and this settlement may be enforced pursuant to . . . Code of Civil Procedure section 664.6."[2] (Capitalization omitted.) It does not appear that either party filed the October 2019 stipulation (or any other document requesting that the trial court retain jurisdiction to enforce the parties' settlement) until after the court's December 2019 dismissal of Mintz's complaint (discussed, *post*).

---

[2] All unspecified statutory references are to the Code of Civil Procedure. The version of section 664.6 in effect in 2019 provided, in relevant part: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (Former § 664.6.) The subsequent January 2021 amendments to section 664.6 did not materially alter this language.

On October 18, 2019, the day after the parties reached the settlement memorialized in the October 2019 stipulation, Leichter filed a notice indicating that he was substituting out of the action and that Mintz would be representing himself. The substitution notice provides the following address for Mintz: 1812 West Burbank Boulevard, #7054, Burbank, California 91506-1315 (the Burbank address). Also on October 18, 2019, Mintz electronically filed a "notice of settlement of entire case," indicating that the parties had reached a settlement on October 17, 2019. (Capitalization omitted.) The notice states that the settlement is "[u]nconditional" and provides, in relevant part: "Notice to plaintiff or other party seeking relief. You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is unconditional. . . . Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case." In contrast to the substitution notice, the caption of the settlement notice provides the following contact information for Mintz: "Eric Mintz, in pro se, c/o Leichter Law Firm, APC, 3580 Wilshire Boulevard, Ste. 1745, Los Angeles, CA 90010" (the Wilshire address).

On October 21, 2019, the clerk file-stamped the settlement notice, and the court issued an order to show cause regarding dismissal after settlement (OSC), setting the hearing on the OSC for December 10, 2019. The court clerk mailed notice of the OSC only to Leichter's Wilshire address, rather than to Mintz's Burbank address. Neither party appeared at the December 10, 2019 hearing on the OSC, and the court dismissed the complaint and cross-complaint with prejudice (the December 2019 dismissal). Again, the court clerk mailed notice of the

4

December 2019 dismissal to Leichter's Wilshire address, rather than to Mintz's Burbank address.

Contemporaneously with the court proceedings detailed above, the parties had been negotiating what LODD appellants characterize as a more detailed "long form" settlement and release (the December 2019 agreement) intended to supersede the October 2019 stipulation. As relevant to this appeal, the December 2019 agreement contains language that LODD appellants argue conditions their payment of settlement funds to Mintz on the trial court's dismissal of the complaint and cross-complaint with prejudice. In contrast to the October 2019 stipulation, the December 2019 agreement does not contain any request that the court retain jurisdiction to enforce the parties' settlement. The parties never fully executed the agreement, however; although Mintz signed the agreement on December 3, 2019, there is no evidence that LODD appellants ever signed the agreement.

It appears that no later than December 13, 2019, a dispute arose concerning whether, as part of the parties' settlement, Mintz and Leichter had released LODD appellants from any obligation to pay the outstanding amounts due pursuant to the trial court's sanctions orders. The parties were unable to resolve the dispute, and, on April 6, 2020, Mintz filed a motion pursuant to section 664.6 to enforce the terms of the parties' settlement memorialized in the October 2019 stipulation. Mintz argued in the motion that LODD appellants improperly had refused to pay the $16,000 due under the settlement. The motion made no reference to the December 2019 agreement.

Prior to the scheduled July 1, 2020 hearing on Mintz's motion to enforce the settlement, on April 27, 2020, the court received an electronically filed request for dismissal of the action

5

with prejudice (the April 2020 dismissal request), signed by Mintz on November 17, 2019, and by LODD appellants on December 10, 2019. The caption of the April 2020 dismissal request identifies Mintz as the filer; however, the accompanying proof of service refers to the document as "defendants and cross-complainants' request for dismissal" (boldface and capitalization omitted), and indicates that it was served *on* Mintz at his Burbank address, suggesting that LODD appellants filed the dismissal request. In response to the dismissal request, the court clerk entered dismissal on April 28, 2020. The court then vacated the hearing date on Mintz's pending motion to enforce settlement.

On July 27, 2020, Mintz filed an ex parte application to set aside the April 2020 dismissal of the action, pursuant to section 473, arguing that LODD appellants had filed the April 2020 dismissal request without his consent. He argued that the dismissal request "was to be held and only filed upon completion of the settlement payment," and that LODD appellants still had not paid the $16,000 due under the October 2019 stipulation. LODD appellants opposed the ex parte application, arguing that Mintz had signed the superseding December 2019 agreement, which provided that "a condition precedent to the payment of any settlement funds is the dismissal of the action." (Boldface and underscoring omitted.) LODD appellants argued further that the trial court lacked jurisdiction to enforce the settlement agreement because the parties had failed to request that the court retain jurisdiction to do so pursuant to section 664.6.

On July 29, 2020, the court issued an order setting Mintz's motion to vacate the dismissal for an October 26, 2020 hearing, deemed Mintz's ex parte application the moving papers, and ordered that the parties file opposition and reply papers pursuant

to code. LODD appellants filed an opposition to Mintz's motion on October 13, 2020, largely reiterating the arguments they had made in opposition to the ex parte application. Following the October 26, 2020 hearing on the motion, the court took the matter under submission.

On November 4, 2020, the trial court denied as untimely Mintz's request that it vacate the April 2020 dismissal pursuant to section 473, subdivision (b). The court explained that, because only the December 2019 dismissal (and not the April 2020 dismissal) was legally operative, Mintz's July 27, 2020 motion fell outside the six-month window following dismissal during which section 473 permits a party to seek relief.[3] On its own motion, however, the court then vacated the December 2019 dismissal of Mintz's complaint "on equitable grounds based on extrinsic mistake." The court explained that it "improperly served [Mintz's] former counsel[,] Leichter[,] with its orders setting the OSC and subsequently dismissing the action, notwithstanding the fact [Mintz] had filed a substitution of attorney indicating [that] he would be self-represented prior to the court's issuance of these orders. To the extent the court relied on [Mintz's] inclusion of the Wilshire address on his notice of settlement in drafting the certificates of mailing, it erred in not confirming the address reflected [Mintz's] address set forth in the substitution of

_____

[3] Section 473, subdivision (b), provides, in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a . . . dismissal . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

attorney. As such, the court finds [Mintz] did not have proper notice of the OSC re[garding] dismissal or of the dismissal of his action" (capitalization omitted), and the court therefore "should not have dismissed the action." The court then vacated both the December 2019 and April 2020 dismissals and rescheduled the hearing on Mintz's motion to enforce settlement for December 17, 2020.

In advance of that hearing, on November 25, 2020, LODD appellants refiled the request for dismissal form they had filed in April 2020—i.e., the same document, with signatures dated in November and December 2019, that Mintz disputes he ever provided authorization to file. At the December 17, 2020 hearing on Mintz's motion to enforce the settlement, the court rejected the refiled dismissal request, explaining: "This dismissal was already vacated by the court[,] . . . and [LODD appellants] improperly seek the court enter dismissal against [Mintz] . . . notwithstanding its ruling and notwithstanding the pending motion to enforce settlement." (Capitalization omitted.) The court then rejected LODD appellants' argument that the sanctions awards constituted attorney fees encompassed within the parties' settlement and concluded that LODD appellants were in breach of their obligation to pay the $16,000 settlement sum to Mintz. The court determined further that Mintz was entitled to prejudgment interest and costs. The court therefore entered judgment in favor of Mintz and against LODD appellants in the amount of $16,935.90 on January 8, 2021. LODD appellants timely appealed.[4] We granted the parties' subsequent

_____

[4] We deny Mintz's motion to dismiss the appeal as untimely because the record reflects that LODD appellants repeatedly attempted to file their notice of appeal within the required time

8

requests to augment the appellate record, as well as Mintz's request for judicial notice. We also provisionally granted LODD appellants' request for judicial notice, and we now grant that request in full.

## DISCUSSION

A trial court possesses "inherent equity power to vacate a judgment obtained under circumstances of extrinsic fraud or mistake." (*Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 736.) We review a court's exercise of such equitable authority for abuse of discretion.[5] (*Id.* at pp. 730, 736−737.)[6]

Here, the trial court vacated dismissal of Mintz's complaint based on extrinsic mistake—namely, a clerical error. The court found that the clerk erroneously sent notice of the October 2019 OSC regarding dismissal and the December 2019 dismissal itself to Leichter's Wilshire address, rather than to Mintz's Burbank address identified on the attorney substitution notice. "Due process requires notice before a dismissal of a case may be entered," even where a dismissal is "self-executing, [such as

---

frame, although the notice was not accepted for filing by the clerk until two days after the time to appeal had lapsed. (See, e.g., *Pangilinan v. Palisoc* (2014) 227 Cal.App.4th 765, 769−770.)

[5] We thus are unpersuaded by LODD appellants' arguments that we should apply a *de novo* standard of review here because, inter alia, "[t]his case involves the interpretation of statutes."

[6] Although LODD appellants frame their appeal as raising seven issues, all are subsumed within the analysis of whether the trial court abused its discretion in vacating dismissal of Mintz's action.

9

when] a court *must* dismiss a case 45 days after receiving notice of settlement." (*Lee v. Placer Title Co.* (1994) 28 Cal.App.4th 503, 510; see *ibid*. ["[P]arties must distinguish 'the authority of a court to dismiss a case because of the actions (or inactions) of its litigants [from] the procedural requirements that precede any such dismissal. At a minimum, such requirements include notice to the plaintiff of a motion or intent to dismiss and an opportunity for plaintiff to be heard.' "].) Because the record supports that the clerk sent notice to the wrong address, the court correctly determined that Mintz had not received proper notice of the OSC and the subsequent dismissal. (*Lee, supra,* 28 Cal.App.4th at p. 511 [" '[w]here the envelope containing the notice is improperly addressed, it is as though notice were never mailed by the clerk' "].) On this record, we cannot conclude that the court abused its discretion by vacating dismissal of Mintz's complaint.

None of LODD appellants' arguments persuade us otherwise. First, LODD appellants urge that the trial court lacked subject matter jurisdiction to vacate the April 2020 dismissal because " '[w]here the plaintiff has filed a voluntary dismissal of an action . . . , the court is without jurisdiction to act further . . . , and any subsequent orders of the court are simply void.' " As an initial matter, as the trial court noted, the December 2019 dismissal—and not the dismissal entered following the April 2020 dismissal request—was the operative dismissal here. Moreover, to the extent the April 2020 dismissal request had any legal effect—even without resolving the parties' myriad factual disputes[7]—the record is clear that the April 2020

---

[7] As noted, *ante*, Mintz insists that the parties agreed that the April 2020 dismissal request "was to be held and only filed

10

dismissal was not the result of a voluntary dismissal filed by Mintz: LODD appellants filed the April 2020 dismissal request while the parties still were in the midst of a dispute concerning the terms of the settlement and while Mintz's motion to enforce the settlement still was pending. The various cases on which LODD appellants rely involving voluntary dismissals therefore are inapposite. Moreover, LODD appellants' reliance on *Mesa RHF Partners, L.P. v. City of Los Angeles* (2019) 33 Cal.App.5th 913, confuses a trial court's jurisdiction to consider a motion to vacate a dismissal with its jurisdiction to consider a motion to enforce a settlement following dismissal, pursuant to section 664.6.

Second, we reject LODD appellants' various arguments that purportedly imprecise wording in the court's November 4, 2020 order vacating dismissal of Mintz's complaint somehow left intact the December 2019 or April 2020 dismissals, thereby depriving the trial court of jurisdiction to consider Mintz's motion to enforce the parties' settlement. The court's November 4, 2020 order unequivocally vacated any prior dismissals of Mintz's complaint, including the December 2019 and April 2020 dismissals.

Third, we find unconvincing LODD appellants' contentions that the court clerk was correct in sending the OSC and dismissal notices to Leichter's Wilshire address, and that Mintz received actual notice of the December 10, 2019 hearing on the OSC

upon completion of the settlement payment." LODD appellants dispute Mintz's contention, pointing to language in the December 2019 agreement that they contend requires that the action be dismissed before any payment of settlement funds transpires.

11

and subsequent dismissals. LODD appellants argue that (1) section 1013, subdivision (a) provides that mail service must be effected "at the office address as last given by [the party being served] on any document filed in the cause" (§ 1013, subd. (a)), and (2) the settlement notice—which identifies the Wilshire address as Mintz's operative address—was the last filing Mintz made prior to the December 10, 2019 hearing on the OSC because the court clerk entered that notice on the trial court docket on October 21, 2019. But LODD appellants ignore that Mintz electronically filed the settlement notice on October 18, 2019, at 3:35 p.m. Leichter, on Mintz's behalf, then filed the attorney substitution notice, providing Mintz's Burbank address, at 6:50 p.m. that same day. Thus, the address "last given" in a filing by Mintz or his attorney prior to the December 10, 2019 OSC hearing was Mintz's Burbank address.

LODD appellants' related argument that, by checking the "plaintiff" box on the attorney substitution form, Mintz updated his contact information only in his capacity as plaintiff, and not as cross-defendant in the action, is meritless. The substitution form does not contain a "cross-defendant" box, and Mintz correctly populated the form by indicating he was the plaintiff in the action. Nor is there any force to LODD appellants' contention that, by filing the October 18, 2019 settlement notice bearing Leichter's Wilshire address, Mintz intended Leichter to "remain[ ] [his] attorney on a limited scope basis for the specific tasks of receiving mail and calls on [his] behalf," or that Leichter's alleged failure to return the court's mailings as undeliverable demonstrates that he continued to accept service on Mintz's behalf. Finally, we are unpersuaded by LODD appellants' insistence that, by stating in a December 6, 2019 email that the parties should "get everything finalized and

12

filed . . . so we don't have to appear in court next week," Mintz "essentially admit[ted] receiving notice of the OSC hearing and . . . express[ed] his plan not to attend." (Italics omitted.) Although the email could support such an inference, it is insufficiently detailed to demonstrate Mintz's actual notice of the OSC, and it sheds no light whatsoever on whether Mintz received notice of the subsequent dismissal.[8]

Accordingly, because we conclude that the trial court did not abuse its discretion in vacating dismissal of Mintz's complaint, we affirm the January 8, 2021 judgment.[9]

---

[8] LODD appellants made this same argument in their opposition to Mintz's motion to enforce the settlement, and we therefore find unpersuasive their argument on appeal that the trial court ran afoul of the decision in *LeFrancois v. Goel* (2005) 35 Cal.4th 1094, by failing to "solicit briefing specifically on the question of whether or not [Mintz] was properly served at the Wilshire address."

[9] In light of our conclusion, we need not consider Mintz's remaining arguments—including that the disentitlement doctrine should bar this appeal—nor LODD appellants' contentions in response. We note further that, in reaching our decision, we did not rely upon the declaration attached to Mintz's respondent's brief. We therefore need not address LODD appellants' contention that submission of the declaration was improper.

## DISPOSITION

We affirm the trial court's January 8, 2021 judgment. Respondent Mintz is awarded his costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

WEINGART, J.

14